[Civ. No. 4084. Second Appellate District, Division One.—February 13, 1923.]

## MARGARET G. HONEY, Respondent, v. EDWIN A. HONEY, Appellant.

[1] DIVORCE—OFFENSE OF HUSBAND—ALLOWANCE TO WIFE—NATURE OF.—The allowance which is authorized to be made upon the granting of a divorce to a wife for the offense of a husband is something different from alimony proper, which term refers to support which the husband is required to render in fulfillment of the marital obligation during the continuance of the marriage.

[2] ID.—PAYMENT OF GROSS SUM—LIEN ON HUSBAND'S PROPERTY.— In an action for divorce where the court, as an incident to its judgment, makes provision for the future support of the wife, the judgment may require the payment of a sum in gross, and provide, as security for the payment thereof, that a lien be enforced against the separate property of the husband.

[3] ID.—ABILITY OF HUSBAND—PLEADING—UNNECESSARY AVERMENT. In an action for divorce it is not necessary to justify a judgment requiring the husband to pay a gross sum for the future support of the wife, that the complaint should state the husband's ability to pay, as the power to make the judgment is incidental to the action.

[4] ID.—PROPER ALLOWANCE OF GROSS SUM TO WIFE.—In this action for divorce, the complaint, findings, and evidence were sufficient to support the incidental judgment requiring the husband to pay to the wife a gross sum for her future support; and, considering the value of husband's property and the nature of the cruelty charged against him, the allowance was not so disproportionate to the reasonable demands of the case as to shock judicial conscience.

---

2. Allowance of gross sum as alimony, note, 1 **Ann. Cas.** 224.
Lien of decree for alimony on realty, notes, 9 **Ann. Cas.** 90; 18 **Ann. Cas.** 565; **Ann. Cas.** 1914D, 888.

[5] ID.—HUSBAND'S CRUELTY—REASON FOR MARRIAGE—STATEMENT OF WIFE.—In an action by a wife for divorce on the ground of cruelty, the court properly sustained an objection to a question asked both of the plaintiff and another witness as to whether the former had not stated prior to her marriage with the defendant that she intended to marry him. in order to have herself and children supported, and that she would clean him out and when the children got to be older would leave him.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. G. Wettlin and B. E. Tarver for Appellant.

Walter Eden and A. E. Koepsel for Respondent.

JAMES, J.—Defendant has appealed from a decree of the superior court awarding to the plaintiff a divorce and the gross sum of $7,800 for future support.

The parties were married in August, 1919, and separated one year and eight months thereafter. At the time of the marriage defendant was sixty-five years of age and the plaintiff about thirty-one. Both parties had been previously married and plaintiff had two young children whom she brought with her to the home provided by the defendant. In her complaint she charged various acts of cruelty, consisting in part of words and epithets used toward her by defendant in a continuous course, culminating in a physical attack upon her, which occurred in May of 1921, after which she ceased to live with her husband. There was ample evidence to sustain the charge that the defendant did violently assault the plaintiff on the date last mentioned, and that his attack was without justification, and that she suffered severe bruises and injuries as a result thereof, the effects of which, especially that from an injury to one of her ears, continued down to the time of the trial.

No serious contention is made that the findings of the court on the divorce issue proper are not fully sustained by the evidence. The main argument of appellant is addressed to the point that neither the pleadings, findings, nor evidence justified the trial judge in making the award of the gross sum for the support of the wife. In the complaint

there were enumerated the various possessions of defendant in real and personal property. The defendant made no denial to those allegations. While the plaintiff for the most part declared in her complaint that the market value of the property was unknown to her, counsel for appellant in their brief admit that there was evidence sufficient to establish a total valuation of $42,375. The trial judge in his findings determined that plaintiff had no means of support and that defendant had "a large amount of property," and specifically described the various parcels of land, mortgages, and corporate stocks, as the complaint set them forth. Included in this list of property was a mortgage for $7,800 and one for $3,000.

[1] The supreme court has determined that the allowance which is authorized to be made upon the granting of a divorce to a wife for the offense of a husband (sec. 139, Civ. Code) is something different from "alimony" proper, which term refers to support which the husband is required to render in fulfillment of the marriage obligation during the continuance of the marriage. "Alimony" may be exacted *pendente lite* and before the marriage bonds are severed. (Sec. 137, Civ. Code.) The authority for the making of the former allowance is of course purely statutory. It is in one sense regarded as a penalty imposed upon the husband: "It proceeds upon the theory that the husband entered upon an obligation which, among other things, bound him to support the wife during the period of their joint lives, and gave to her a right to share in the fruits and accumulations of his skill; that by his own wrong he has forced her to sever the relation which enabled her to enforce this obligation, and for the wrong which thus deprived her of the benefit of the obligation, he must make her compensation. The court is to fix the measure of that compensation by 'having regard to the circumstances of the parties respectively'; those circumstances furnishing the best means for determining the extent of her loss. . . . This allowance may be entirely independent of the property then *in esse.*" (*Ex parte Spencer,* 83 Cal. 460 [17 Am. St. Rep. 266, 23 Pac. 395], cited in *Hogarty* v. *Hogarty,* 188 Cal. 625 [206 Pac. 79].) [2] Our supreme court has definitely determined also that in an action for divorce where the court, as an incident to its judgment makes provision for the future

support of the wife, the judgment may require the payment of a sum in gross, and provide, as security for the payment thereof, that a lien be enforced against the separate property of the husband. **[3]** Further, that to justify a judgment of that kind it need not have been stated in the complaint that the husband has the ability to pay anything, as the power to make the judgment or order is incidental to the action, the same as is the right of the court to award the custody of children to either party. (*Gaston* v. *Gaston,* 114 Cal. 542 [55 Am. St. Rep. 86, 46 Pac. 609].) In the case just cited the court made a further observation, which is pertinent here in view of some of the contentions of appellant, that "it is not essential, however, to warrant the decree for future maintenance that he [the husband] should then have owned property of either class." (See, also, *Robinson* v. *Robinson,* 79 Cal. 511 [21 Pac. 1095]; *Huellmantel* v. *Huellmantel,* 124 Cal. 583 [57 Pac. 582].) We agree with appellant's counsel that, as this provision for support money is intended to cover prospective wants of the wife, it is more in keeping with the reason of the law that the judgment should provide for installment payments; for it may well happen that the wife will embark upon another matrimonial venture, in which case the last husband will assume the duty to support her, and the former husband would be entitled to have a continuing judgment modified so as to relieve him of any further duty in the matter. (*Tremper* v. *Tremper,* 39 Cal. App. 62 [177 Pac. 868].) And where a woman is still young, as in this case, the probabilities that she will marry again are enhanced. Moreover, there was ample real property possessed by the defendant which would have furnished security for the payment of any installment allowances that might have been provided for. But while we admit the logic of counsel's argument addressed to this point, it must be said that the discussion goes only to a matter of policy, and does not establish that the action of the court providing for the immediate payment of a gross sum amounted to an abuse of the discretion which the statute commits to it. **[4]** Under the authorities cited above it must be held that the complaint, findings, and evidence were sufficient to support the incidental judgment requiring defendant to pay to the wife the sum of $7,800 in one sum; nor can it be said, considering the value of de-

fendant's property and the nature of the cruelty charged against him, that the allowance was so disproportionate to the reasonable demands of the case as to shock judicial conscience. The fact as to whether the property of the defendant was producing an income or was being carried at expense would have no effect upon the right of the plaintiff to have a reasonable provision made for her support.

There were several alleged errors committed by the court in the rejection of offered testimony, represented, first, by the sustaining of an objection to a question asked of the plaintiff as to what defendant's age was. The age of the defendant was given later in his own testimony, and was not contradicted; hence the first ruling was utterly without prejudice. Plaintiff having testified that prior to her marriage she had worked in a shoe store, objection was sustained to the next question asked of her as to how long prior thereto she had been at work. This ruling we think also was without prejudice. It would only have been material to the question as to what amount might be reasonable to award the plaintiff for permanent support. The question was not asked her as to how much she was earning at the time of her marriage, nor as to what particular work she was employed in doing. [5] We think, too, that the court properly sustained an objection to a question asked both of the plaintiff and another witness as to whether plaintiff had not stated prior to her marriage with the defendant that she intended to marry him in order to have herself and children supported, and that she would "clean him out" and when the children got to be older would leave him. An answer in the affirmative to the question would not in any way have shown justification for the cruel conduct charged against the defendant, nor have discredited positive testimony given, particularly as to the acts of violence committed by him. The best that could be said for the testimony designed to be elicited would be that it might have a very remote effect (not legally cognizable) upon the credibility of the plaintiff as a witness.

None of the errors assigned are sustained by the record. The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.