[L. A. No. 16628.  In Bank.—Sept. 30, 1941.]

ALBERT J. FOX, Appellant, v. MARGUERITE FOX, Respondent.

Carl W. Faucett for Appellant.

Samuel Marks for Respondent.

EDMONDS, J.—Although the plaintiff was awarded an interlocutory decree of divorce upon a complaint charging his wife with extreme cruelty, the court ordered him to pay her $840. His appeal, which is upon the judgment roll alone, concerns only this portion of the decree.

In the cross-complaint the wife alleged that her husband had committed acts constituting cruelty. By other allegations, she asserted that they have acquired, as their community property, a lot, an automobile and some household furniture valued at $2,000, $150, and $20, respectively. Upon trial, the court found that all of the plaintiff's charges concerning his wife are true and that the community property consists of the furniture, which is of no value. The lot was found to be the separate property of the husband, but the court ordered that the wife recover from him the sum of $840, "in full satisfaction and settlement of all property rights between the parties," and declared that the payment of this amount "is to be a lien upon the real property of the plaintiff."

The only point raised by the appellant is that the law does not authorize a court to require the husband to pay, from his separate property, any amount for the support of the wife when the divorce is granted by reason of her fault. However, it may be noted, the amount awarded to the wife was stated to be in satisfaction of her property rights and not for her support. Respondent has filed no brief in reply.

In an action for divorce, only the community property and the homestead may be awarded; the court is not authorized to assign the separate property of one of the spouses to the other, nor to require one to pay to the other any amount in lieu of an assignment or division of it. (*Conard* v. *Conard*, 5 Cal. App. (2d) 91 [41 Pac. (2d) 968].) The decree in the present case violates this rule and must be modified by striking therefrom the provisions relating to the payment of $840.

As so modified, the judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.