[Civ. No. 18268.   Second Dist., Div. Two.   Apr. 11, 1951.]

ANTONIA BARBA, Respondent, v. TOMAS N. BARBA, Appellant.

J. Widoff for Appellant.

David C. Marcus for Respondent.

MOORE, P. J.—In an action for divorce plaintiff was awarded an interlocutory decree and it was adjudged that the real property in dispute "is the joint tenancy property

of the parties hereto; *that the plaintiff shall have and retain the exclusive possession and control of said real property during her lifetime, and that the defendant shall move and vacate therefrom on or before the 10th day of August, 1950, and deliver the exclusive possession thereof to plaintiff.*"

The defendant has appealed from that part of the judgment above italicized and demands a reversal on the ground that the court did not have power to deprive him of his rights and interests in and to his real property or to exclude him from the use and benefits of any part thereof by the award made.

While it is true that the purchase price of the little cottage was largely paid from the separate substance of respondent, yet the taking of title in the name of the parties as joint tenants was tantamount to a valid and binding contract that the property should thereafter be held in joint tenancy with all the characteristics of such an estate. "A joint tenancy is one estate and in it the rights of the spouses are identical and coextensive." (*Siberell* v. *Siberell*, 214 Cal. 767, 773 [7 P.2d 1003].)

By virtue of the nature of the title by which the property is held by the parties, each is the owner of an undivided one-half interest therein in his separate right.

In a matrimonial controversy resulting in a decree of divorce in favor of one of the parties, the court is without power to assign the separate property of one spouse to the other. (*Fox* v. *Fox*, 18 Cal.2d 645, 646 [117 P.2d 325].)

If, after a divorce of spouses has been decreed, the termination of their joint tenancy title to a property is deemed necessary, either may commence an appropriate action to effect a partition.

In support of her contention that the court below had the authority to assign appellant's interest in the property to respondent she cites a number of decisions. None of them is authority for respondent's contention. In *Schell* v. *Schell*, 74 Cal.App.2d 785 [169 P.2d 654], the judgment for divorce awarding the wife possession of the home held in joint tenancy was not appealed. Five months after the divorce decree the defendant filed a petition for accounting in which he showed that his wife had changed the form of the family home into a partial rooming house on a business basis and demanded that she account for the rentals received. The right of the wife to the exclusive use of the family dwelling was never made a direct issue on appeal. The en-

tire decision deals solely with the right of the husband to an accounting for rents and profits.

In *Fairchild* v. *Fairchild,* 87 Cal.App.2d 172 [196 P.2d 60], a joint tenancy estate was not involved. The property in controversy there was community in character. The case is therefore not authority for the issues here under consideration. In *Tompkins* v. *Tompkins,* 83 Cal.App.2d 71 [187 P.2d 840], while the title to the real property involved did stand in the names of the parties as joint tenants, the pleadings conclusively determined that it was community property. The case of *Black* v. *Black,* 91 Cal.App.2d 328 [204 P.2d 950], is equally impertinent to the controversy at bar.

It is ordered that the portion of the judgment particularly appealed from be stricken.

McComb, J., and Wilson, J., concurred.