[Civ. No. 18636.   Second Dist., Div. Three.   Apr. 30, 1952.]

RAMONA JENKINS, Respondent, v. JOHN JENKINS, Appellant.

W. P. Butcher for Appellant.

Canfield & Westwick for Respondent.

SHINN, P. J.—Plaintiff wife prevailed in her action for separate maintenance, in which defendant cross-complained for divorce.  Defendant appeals.

Among the facts found were the following: The parties had lived together as husband and wife for more than 29 years and have a son, 15 years of age; defendant has been guilty of cruelty as charged; he owns property worth more

than $100,000; that all the property in question is defendant's separate property with the following exceptions: a refrigerator and deep freeze owned as community property; 28 head of cattle of which an undivided 9/14 interest is defendant's separate property and 5/14 community property; a house and lot described as 206 East Camino Collegio, city of Santa Maria, county of Santa Barbara, and certain furniture and furnishings therein found to be owned by the parties in equal shares as joint tenants.

By the judgment title to the property was declared in accordance with the findings; plaintiff was awarded custody of the son, with certain privileges granted defendant, and $75 per month for support of herself until her death or remarriage; all the cattle were ordered to be sold, 9/14 of the net proceeds to be paid to defendant as his separate property, and 5/14 to be divided equally between the parties. The judgment also provided: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Cross-Complainant pay to Plaintiff and Cross-Defendant the sum of One Hundred Dollars ($100.00) per month as and for the support and maintenance of said minor child, commencing forthwith, and continuing each month hereafter during the minority of said minor child. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in addition to said payments, and for so long as the home of the parties hereto, hereinafter referred to, is used by Plaintiff and Cross-Defendant for the maintenance of a home for said minor child, Defendant and Cross-Complainant furnish and permit Plaintiff and Cross-Defendant, and said minor child, the exclusive use of said home, and the exclusive use of the household furniture and furnishings therein. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that during said period of time, to-wit, for so long as said home is used by plaintiff and Cross-Defendant for the maintenance of a home for said minor child, Plaintiff and Cross-Defendant have and receive any rentals from any of the rooms in said home, and Defendant and Cross-Complainant is ordered to permit Plaintiff and Cross-Defendant the exclusive use of said rentals during said period of time. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that during said period of time Defendant and Cross-Complainant shall not occupy said home, or any part thereof, and said Defendant and Cross-Complainant is ordered to vacate said home forthwith. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, during said period of time, each of the parties hereto be and each is hereby, enjoined and re-

strained from commencing any action to partition said home property, and enjoined and restrained from making any conveyance of his or her interest therein, except subject to this judgment. It Is Further Ordered, Adjudged and Decreed that during said period of time each of the parties hereto pay one-half (½) of the taxes, assessments and fire insurance premiums assessed against or becoming due on said home property, together with one-half (½) of the reasonable cost of the necessary upkeep, maintenance and repair thereof.''

Defendant urges the following grounds of appeal: (1) The judgment is uncertain, contradictory and not supported by the findings; (2) no authority of law exists for assignment to plaintiff of the use of defendant's joint tenancy interest in the home and furniture and excluding defendant therefrom; (3) there was insufficient evidence to justify the findings as to cruelty and a community interest in the cattle.

Defendant's second contention is well founded. In granting a divorce the court may award support money to the prevailing party and an allowance for the support, maintenance and education of children during their minority. (Civ. Code, § 139.) This section does not give the court authority to award to either party any of the separate property of the other, nor to require the payment of any sum in lieu of an assignment or division of it. (*Tremper* v. *Tremper,* 39 Cal. App. 62 [177 P. 868]; *Fox* v. *Fox,* 18 Cal.2d 645 [117 P.2d 325].) ▇ The court may not award the wife, in a divorce action, exclusive possession of joint tenancy property. (*Barba* v. *Barba,* 103 Cal.App.2d 395 [229 P.2d 465].)

Section 137 of the Civil Code, as amended in 1917, provides that in an action for separate maintenance the court in granting permanent support and maintenance to the prevailing party and children ''shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction.'' ▇ The Legislature has not granted authority for an award of separate property, or an interest therein in lieu of support for the prevailing party or children, or as additional support, either in an action for divorce or for separate maintenance. No such authority can be inferred from section 143, Civil Code, which provides: ''The community property and the separate property may be subjected to the support and education of the children in such proportion as the court deems just.'' The assignment

of the use of the joint tenancy property here was in addition to the monetary awards, and not as security for payment.

Plaintiff has cited no authority which supports the judgment in the instant respect. In *Anderson* v. *Anderson,* 124 Cal. 48 [56 P. 630, 57 P. 81, 71 Am.St.Rep. 17], which plaintiff says is the only Supreme Court case found which supports an award of the use of the separate property of the husband to the wife and children, the point was not mentioned. In *Prout* v. *Prout,* 73 Cal.App.2d 715 [167 P.2d 1], the court affirmed a judgment of divorce for cruelty which divided the community property residence by awarding equal shares to the parties, but allowed the wife the exclusive use of the whole. The ground of the affirmance was that since the trial court could have awarded the entire property to the wife, an award of a lesser interest was not unauthorized. The court regarded as surplusage a further provision of the decree that the use of the property was in lieu of maintenance and support of the child, but said: "It may be conceded that the award of the use of the home as a provision for the support of the child, standing alone, would be erroneous. (*Tremper* v. *Tremper,* 39 Cal.App. 62 [177 P. 868].)"

The claim of uncertainty in the decree relates to the provisions for the use of the home property, which must be reversed.

The contention that the findings are, in certain respects, unsupported by the evidence is unfounded. There was abundant evidence of defendant's cruelty.

The finding that 5/14 ownership of the cattle was community property is supported by evidence that defendant gave his personal attention and services to the management of that branch of his farming operations and that he kept no books of his operations. Even though the original cows had been purchased with his separate funds and pastured on his separate property, his services constituted a contribution by the community to the profits. (*Estate of Gold,* 170 Cal. 621, 623 [151 P. 12]; *Pereira* v. *Pereira,* 156 Cal. 1, 7 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A.N.S. 880].) That the evidence on the subject was meagre was due to the failure of defendant to disclose the nature and extent of the business transacted which he, alone, could furnish. We think the finding was reasonable and just. However, we do not see why it should be necessary to sell the cattle in order to give plaintiff her share in money. The court, advised and assisted by

learned counsel, should not find it difficult to ascertain the value of the wife's interest in the herd.

The judgment is affirmed insofar as it (1) grants plaintiff the right to live separate and apart from defendant and to receive support, (2) awards plaintiff the care, custody and control of the son, John Lee Jenkins, and (3) determines the ownership of real and personal property described therein. It is reversed insofar as it awards plaintiff and the minor son the exclusive use of the home property, and as to the amounts awarded plaintiff for her support and the support and maintenance of the minor son, which amounts shall be redetermined; plaintiff and respondent to recover costs on appeal.

Wood (Parker), J., and Vallée, J., concurred.