[Civ. No. 15119.   First Dist., Div. Two.   Jan. 14, 1953.]

LOUISE HAYWOOD, Respondent, v. WILLIE JAMES HAYWOOD, Appellant.

Lawrence Sledge for Appellant.

Hamilton Wright for Respondent.

DOOLING, J.—Respondent secured an interlocutory decree of divorce from appellant.   The court awarded her $2,000 in a lump sum "as and for plaintiff's future maintenance" and imposed a lien upon appellant's separate property to secure its payment.   Appellant attacks only the portion of the decree creating the lien, saying:

"It is Appellant's contention that the lien affixed by the Court on Appellant's real property where there were no Minor Children the issue of said Marriage, the lien was unwarranted and improper and cannot be supported as a matter of Law."

Appellant cites as his only authorities Civil Code section 142, and *Baldwin* v. *Baldwin,* 28 Cal.2d 406, 412-413 [170 P.2d 670].   The citations do not support the argument.   In the Baldwin case the court quoted that portion of Civil Code, section 142, which provides that where "there are no children, and either party has a separate estate sufficient for his or her proper support, no allowance shall be made from the

separate estate of the other party.'' While there are no children of this marriage the court expressly found ''that plaintiff has no separate estate.'' One of the conditions of section 142 above quoted is therefore not present.

The applicable rule is thus stated in *Honey* v. *Honey*, 60 Cal.App. 759, 761-762 [214 P. 250] : ''Our supreme court has definitely determined also that in an action for divorce where the court . . . makes provision for the future support of the wife, the judgment may require the payment of a sum in gross, and provide, as security for the payment thereof, that a lien be enforced against the separate property of the husband.'' (See, also, *Sanguinetti* v. *Sanguinetti*, 9 Cal.2d 95, 102 [69 P.2d 845, 111 A.L.R. 342] and cases there cited; *Scheibe* v. *Scheibe*, 57 Cal.App.2d 336, 343 [134 P.2d 835].)

The decree is affirmed.

Goodell, Acting P. J., and Jones, J. pro tem., concurred.