[Civ. No. 20638. Second Dist., Div. Three. May 25, 1955.]

RAJO JACK DeSOTO, Appellant, v. RUTH KING DeSOTO, Respondent.

Gladys Towles Root and Joseph M. Rosen for Appellant.

James Coleman and Sam Silverstein for Respondent.

WOOD (Parker), J.—In this divorce action, commenced by the husband, the wife obtained an interlocutory decree upon her cross-complaint which alleged extreme cruelty. The husband appeals and contends only that the court erred in ordering that certain real property (house and lot) be held in joint tenancy by the parties hereto.

Plaintiff alleged in his complaint that the property was his separate property. Defendant alleged in her cross-complaint that it was community property.

The parties were married in August, 1949. They separated in January, 1953. Plaintiff purchased the property in 1933 and paid for it before the marriage. About three months after the marriage there was a discussion about the real property.

Respondent (wife) testified that the house needed to be repaired and remodeled; she was working and was willing to help in getting those things done; she told appellant that she would help if she had some security; he replied that he would put her name on the deed, that he would put the property in both names, community property; she paid for the venetian blinds, linoleum, bathtub, and part of the bill for stuccoing the house; she paid approximately $1,000 for improvements on the house.

On November 2, 1949, appellant made a deed conveying the property to himself and respondent as joint tenants.

Appellant testified that about one month after the marriage respondent asked him to put the property in her name and his name; he made no reply; about one month later he said that he would put the property in both names on condition that the "place will always stay as it is and it will never be broken up in case there is a misunderstanding between" them; he said further that due to the dangerous business he was in, automobile racing, he wanted to protect her in case anything happened to him. In response to a question as to whether anything was said about putting in the deed "joint tenancy or community property," he said: "Well, joint tenancy, I guess." He testified further that he went with her to have the deed made, and the property was put in joint tenancy.

Appellant argues that the court did not have jurisdiction

to determine that the character of the property was other than separate or community, and it did not have jurisdiction to determine that it was held in joint tenancy; that since a court, in a divorce action, does not have jurisdiction to award the separate property of one party to the other party, the ruling herein that the property was held in joint tenancy was erroneous because it was in effect the making of an award of separate property. It is not disputed that the fact is that the title to the property stands of record in the names of the parties as joint tenants. Although plaintiff alleged in his amended complaint that defendant by the exercise of undue influence "prevailed upon plaintiff to change the property to community property," he introduced no evidence in support of such allegation, and the evidence does not support the allegation. Evidence was received regarding the circumstances surrounding the execution of the deed. Under the evidence here, the court was not required to find that even though the record title to the property was in joint tenancy the property was in fact the separate property of plaintiff or the community property of the parties. The judge, in rendering his oral decision at the close of the trial, said: "I am simply going to hold that the property is now vested in joint tenancy in these two parties. It is not community property. . . . The property evidenced by the deed, Plaintiff's Exhibit A, is held by the parties in joint tenancy and is not community property. The community personal property is awarded to the Plaintiff but he is to pay Defendant $100 for her share thereof." The formal written decree stated, in part, that it is adjudged "cross-complainant is entitled to a decree of divorce from the cross-defendant . . . that . . . cross-defendant be entitled to all of the personal community property; that . . . cross-defendant pay to . . . cross-complainant One Hundred Dollars ($100.00); that the real property described . . . be held in joint tenancy by the parties hereto." ▇ In *Siberell* v. *Siberell*, 214 Cal. 767 [7 P.2d 1003], it was said at page 773: "A joint tenancy is one estate and in it the rights of the spouses are identical and coextensive." ▇ Where spouses hold the title to property in joint tenancy each one "is the owner of an undivided one-half interest therein in his separate right." (*Barba* v. *Barba,* 103 Cal.App.2d 395, 396 [229 P.2d 465].) ▇ In a divorce action, "the court is not authorized to assign the separate property of one of the spouses to the other." (*Fox* v. *Fox,* 18 Cal.2d 645, 646 [117 P.2d 325].)

In the present case the court did not assign or make an award of the real property. An issue was presented as to the nature or character of that property, and the court made a declaration, in accordance with the uncontroverted record title, to the effect that the property was held in joint tenancy. No separate property of either spouse was awarded to the other spouse. It has been determined in some divorce cases that property was held in joint tenancy. (See: *Searles* v. *Searles*, 99 Cal.App.2d 869 [222 P.2d 938]; *Barba* v. *Barba*, 103 Cal.App.2d 395 [229 P.2d 465]; *Jenkins* v. *Jenkins*, 110 Cal.App.2d 663, 664 [243 P.2d 79].) The court had jurisdiction to determine that the property was joint tenancy property.

Appellant also argues that the court ordered relief which was beyond the scope of the pleadings and the prayer of the cross-complaint. He refers (1) to the allegations of the cross-complaint wherein respondent alleged that the property was community property, and (2) to the prayer wherein she asked that the community property be apportioned between the parties. He argues further that since the court declared "it to be joint tenancy property," the court granted relief that was inconsistent with and beyond the scope of the pleadings and prayer. It is to be noted that the prayer of the cross-complaint was also "For all proper relief." Appellant alleged in his amended complaint that the property was held in joint tenancy upon a certain condition and that the property was his separate property. As above stated, the pleadings presented the issue as to the nature and character of the property. The declaration of the court that the property was joint tenancy property was not beyond the scope of the pleadings or the prayers.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.