[Civ. No. 22102. Second Dist., Div. Two. Mar. 1, 1957.]

WILLIAM D. CARTER, Appellant, v. OPAL CARTER, Respondent.

Block, Toler, Bulloch & Biggerstaff for Appellant.

Austin, Austin, Jones & Chaffee for Respondent.

ASHBURN, J.—Plaintiff, William D. Carter, has appealed from a ruling entitled "Judgment and Order" which was filed on March 29, 1956, and entered on April 2, 1956. This was after an interlocutory decree of divorce had become final. The said order purported to modify that decree in certain respects and to award judgment in favor of defendant-wife against plaintiff-husband for $1,042.32, based upon his failure to perform certain monetary requirements of the interlocutory decree.

The court granted each party a divorce. Interlocutory decree was entered on January 6, 1955, and no appeal was taken therefrom. It ordered plaintiff-husband to pay to defendant-wife $25 a week for support of the minor children, made no alimony award, adjudged that certain real property, the home, was owned as joint tenants, and then provided that the use thereof be "awarded to the defendant during such period of time as the said minor children of the parties are with defendant and living on the said premises, or until further order of court." The interlocutory also ordered that during said period the maintenance of the home should be at the expense of plaintiff, who was ordered to make all monthly payments of principal and interest and to pay all taxes on the property; it was further provided that the equity of either party should increase in proportion to principal payments made by him or her. Plaintiff in February, 1956, made a motion for modification of the provisions of the interlocutory concerning support of the children and payment of taxes and other items for maintenance of the home; defendant made a counter motion designed to enforce the existing provisions of the decree, including the collection of items upon which plaintiff was then in default. After a hearing the court made certain findings specifying past defaults of plaintiff and caused to be entered the said "Judgment and Order" wherein defendant was awarded personal judgment against plaintiff for said $1,042.32, and an order was made directing issuance of execution thereon. This "Judgment and Order" also directed that the portion of the interlocutory decree providing for use of the home by defendant be modified by rephrasing the obligation of the husband to provide for the physical maintenance of the premises, payments of principal and interest on the encumbrance, and taxes on the property. It also added a requirement that he pay to defendant the sum of $80 on the 15th of each month and directed her to use the same toward liquidation of monthly payments

upon principal, interest and taxes. As set forth in the interlocutory the pertinent provisions are copied in footnote 1, and as modified by said "Judgment and Order" same are copied in footnote 2 hereof. These provisions were additional to an award of $25 a week[3] payable to the wife for the support of the two children.

Plaintiff's contention on appeal is that the order concerning use and maintenance of the home is beyond the jurisdiction of the court, which is powerless to thus affect property owned in joint tenancy. ▮ The law is settled in this state that the most the court can do with respect to joint tenancy property when granting a divorce is to divide it equally (*Rogers* v. *Rogers*, 86 Cal.App.2d 817, 822 [195 P.2d 890]; *Siberell* v. *Siberell*, 214 Cal. 767, 775 [7 P.2d 1003]; *Tomaier* v. *Tomaier*, 23 Cal.2d 754, 759 [146 P.2d 905]),

---

[1]"It Is FURTHER ORDERED, ADJUDGED, AND DECREED that the use of the said home premises of the parties at 4615 East Saunders Street, Compton, California, is awarded to the defendant during such period of time as the said minor children of the parties are with defendant and living on the said premises, or until further order of court.

"It Is FURTHER ORDERED, ADJUDGED, AND DECREED that the maintenance of the said home premises, so long as the said minor children of the parties are with defendant and living on said premises, or until further order of court, is to be at the expense of plaintiff, with the interest cost on the home payments, as well as the taxes on the said real property, being borne by plaintiff; plaintiff is ordered to make the monthly payments due on the said home premises, and the equity of the plaintiff in the said joint tenancy property shall increase in proportion to the payments hereafter made by the plaintiff on account of the principal; should defendant hereafter make any of the said home payments, her equity in the said joint tenancy property shall likewise increase in proportion to the payments hereafter made by her on account of principal."

[2]"It Is FURTHER ORDERED, ADJUDGED AND DECREED that the defendant and children of the parties shall have the use and occupancy of the home premises so long as the minor children are with the defendant and living upon the premises, or until further order of the court, and the physical maintenance of the premises, together with the payments upon the encumbrance, the interest upon the encumbrance and the taxes on the property shall be at the expense of the plaintiff. The plaintiff is ordered to pay to the defendant forthwith the sum of $80.00 for the payment due March 15, 1956, and thereafter the sum of $80.00 upon the 15th day of each and every month, and the defendant is ordered to deliver the same to the holder of the encumbrance to be applied upon the monthly payments upon principal, interest and taxes. All payments applied upon the principal of the encumbrance from sums paid by the plaintiff shall increase pro rata his equity in the property. In the event the defendant shall make any payments upon the principal of the encumbrance her equity shall be increased pro rata, but no payments made by the defendant upon the principal of the encumbrance while she and the children are resident thereon shall be deemed to be in lieu of payments required by this order of the plaintiff."

[3]Subsequently reduced to $15 per week.

or perhaps declare a lien upon the husband's moiety as security for an alimony award or one for the support of the children. (Civ. Code, §§ 140-141, 143; 16 Cal.Jur.2d § 293, p. 590.)

In *Barba* v. *Barba,* 103 Cal.App.2d 395 [229 P.2d 465], the lower court made an order that plaintiff have and retain exclusive possession of joint tenancy property during her lifetime and that defendant vacate same in favor of plaintiff. That in effect is the order made at bar, although it does not specifically state that the wife's occupancy shall be exclusive. The said provision was attacked upon appeal and this court struck that portion from the judgment and in doing so said, at page 396: "By virtue of the nature of the title by which the property is held by the parties, each is the owner of an undivided one-half interest therein in his separate right. In a matrimonial controversy resulting in a decree of divorce in favor of one of the parties, the court is without power to assign the separate property of one spouse to the other. (*Fox* v. *Fox,* 18 Cal.2d 645, 646 [117 P.2d 325].)"

*Jenkins* v. *Jenkins,* 110 Cal.App.2d 663 [243 P.2d 79], involved a judgment in a separate maintenance action which awarded to the plaintiff-wife the sum of $100 a month for the support of the minor child; the real property used as a home was found to be owned by the spouses as joint tenants and the decree provided that in addition to the said payments to the wife she should have the exclusive use of the said home so long as it was used by her for the maintenance of a home for the child, and that she should also during said period of time receive and have the exclusive use of any rentals from any rooms in the house. Upon appeal defendant urged, among other things, that "no authority of law exists for assignment to plaintiff of the use of defendant's joint tenancy interest in the home and furniture and excluding defendant therefrom." The court, at page 665, said: "Defendant's second contention is well founded. In granting a divorce the court may award support money to the prevailing party and an allowance for the support, maintenance and education of children during their minority. (Civ. Code, § 139.) This section does not give the court authority to award to either party any of the separate property of the other, nor to require the payment of any sum in lieu of an assignment or division of it. (*Tremper* v. *Tremper,* 39 Cal.App. 62 [177 P. 868]; *Fox* v. *Fox,* 18 Cal.2d 645 [117 P.2d 325].) The court may not award the wife, in a divorce action, exclusive posses-

sion of joint tenancy property. (*Barba* v. *Barba,* 103 Cal. App.2d 395 [229 P.2d 465].) . . . The Legislature has not granted authority for an award of separate property, or an interest therein in lieu of support for the prevailing party or children, or as additional support, either in an action for divorce or for separate maintenance. No such authority can be inferred from section 143, Civil Code, which provides: 'The community property and the separate property may be subjected to the support and education of the children in such proportion as the court deems just.' The assignment of the use of the joint tenancy property here was in addition to the monetary awards, and not as security for payment.''

In *Gilmore* v. *Gilmore,* 45 Cal.2d 142, 151 [287 P.2d 769], it is said: ''Plaintiff contends that the court deprived her of any real interest in the property found to be held in joint tenancy by failing to require defendant to protect the property against foreclosure and sale for nonpayment of the encumbrances thereon. She contends that such protection could have been afforded had it been found that the property was community, and that in any event, some provision should have been made to protect her interest. The evidence, however, supports the trial court's finding that the property was held in joint tenancy, and in the absence of an award of alimony the trial court had no authority to assign defendant's separate property to plaintiff by requiring him to use it to protect plaintiff's property interests.'' It is to be noted that there is no alimony award at bar.

That the rule is one of jurisdiction, rather than discretion, seems to be implicit in the foregoing cases, and it is so held in *Reid* v. *Reid,* 112 Cal. 274, 277 [44 P. 564]; *Allen* v. *Allen,* 159 Cal. 197, 201 [113 P. 160]; *Fox* v. *Fox,* 18 Cal.2d 645, 646 [117 P.2d 325]; *Conard* v. *Conard,* 5 Cal.App.2d 91, 93 [41 P.2d 968]; *Roy* v. *Roy,* 29 Cal.App.2d 596, 603 [85 P.2d 223]; *Robinson* v. *Robinson,* 65 Cal.App.2d 118, 119 [150 P.2d 7]. ■ It follows that the provisions of the order under consideration which affect the possession and use of the joint tenancy property and require payments for maintenance of same are erroneous and indeed in excess of jurisdiction. ■ This fact does not render the order nonappealable, for a void order may be reversed on appeal as well as one made within the court's jurisdiction. (3 Cal.Jur.2d, § 20, p. 413.)

■ Of course the trial court has jurisdiction to modify

an award for child support at any time (Civ. Code, § 138), and a rehearing upon that subject, as embraced in the respective motions, will become necessary as a practical matter. In view of that fact it should be pointed out that the provision in the interlocutory judgment, quoted in the footnote, *supra*, is also void. The final decree which incorporates the provisions of the interlocutory by reference falls into the same category. ▮ The absence of any appeal from either of those judgments does not add any strength to the portions just mentioned, for a void order or judgment is subject to collateral attack at any time and in any place by any interested party. "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists. It can bear no fruit to the plaintiff, but is a constant menace to the defendant." (*People* v. *Greene*, 74 Cal. 400, 405 [16 P. 197, 5 Am.St.Rep. 448].)

▮ This does not mean that the entire interlocutory judgment or the entire final decree is void,—merely that the portions which are in excess of jurisdiction are in that status (see 29 Cal.Jur.2d, § 181, p. 137.) This includes the money judgment for $1,042.32, for it rests upon nonperformance of the void portion of the interlocutory decree, which manifestly cannot support a valid money judgment.

These considerations render the entire "Judgment and Order" entered on April 2, 1956, reversible, and it thus becomes unnecessary to inquire whether it is erronous or void upon the further ground that it is a third judgment between the same parties in an action wherein the statute authorizes only two. (*Cf. David* v. *Goodman*, 89 Cal.App.2d 162, 165 [200 P.2d 568]; *Doudell* v. *Shoo*, 159 Cal. 448, 454 [114 P. 579]; *Stockton etc. Works* v. *Glen's Falls Ins. Co.*, 98 Cal. 557, 577 [33 P. 633].)

The said "Judgment and Order" entered on April 2, 1956, is reversed, and the cause is remanded to the lower court for further proceedings not inconsistent with the views expressed herein.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied March 22, 1957, and respondent's petition for a hearing by the Supreme Court was denied April 25, 1957.