[Civ. No. 26717. Second Dist., Div. Four. May 10, 1963.]

NELLIE ZENTZ MAHER, Plaintiff and Appellant, v. WILLIAM MAHER, Defendant and Respondent.

Merrill Albert for Plaintiff and Appellant.

Robert F. Johnson for Defendant and Respondent.

KINGSLEY, J.—Plaintiff wife appeals from an interlocutory decree of divorce, in her favor. While the notice of appeal is directed to the entire decree, both parties have treated the appeal as relating only to the property division incorporated therein.

The trial covered three days, almost all of which was devoted to the matter of the ownership of a piece of real property, referred to in the record as the "Orion Street" property. The trial judge found that this was owned by the parties as joint tenants, though title stood of record in the name of the Title Insurance & Trust Company as trustee for the husband. The original deed of purchase ran to the parties as joint tenants. Subsequently, the wife executed a deed transferring title to the Title Company. It would serve no purpose to set forth the conflicting testimony of the parties as to their intentions. ■ There was evidence sufficient to support the trial court's determination that the wife did not intend to change her interest by the conveyance into the trust, and that the presumption of intent as to title flowing from the form of the deed of purchase had not been rebutted. Its finding as to the status of the property must stand.

■ However, in addition to ordering defendant husband to cause the record title to be revested in the names of the parties as joint tenants, the court appointed a commissioner to sell the property and divide the proceeds. It is conceded that this was error. ■ A court in an action for divorce exhausts its jurisdiction over property once it has found that the property is separate. (*Fox* v. *Fox* (1941) 18 Cal.2d 645 [117 P.2d 325]; *Johnson* v. *Johnson* (1963) 214 Cal.App.2d 29 [29 Cal.Rptr. 179]; *Robinson* v. *Robinson* (1944) 65

Cal.App.2d 118 [150 P.2d 7].) ▮ And the interests of joint tenants are separate property. (*Siberell* v. *Siberell* (1932) 214 Cal. 767 [7 P.2d 1003].) ▮ The correct procedure to obtain a division of such property is a partition suit. (*Barba* v. *Barba* (1951) 103 Cal.App.2d 395 [229 P.2d 465].)

After a long discussion, the parties stipulated in open court to the division of all items of personal preoperty except a credenza. This item the court also ordered sold and the proceeds divided. Without admitting error, defendant, in this court, has waived all interest in and to this minor item of furniture. ▮ Plaintiff objects that the division ordered by the court gives her, the successful party, less than one-half of the community property. The objection is not well taken. As is pointed out above, the only real property involved was found not to be community; the rest was divided by stipulation. Plaintiff has no ground to complain.

▮ The interlocutory decree ordered that attorney's fees and costs be paid out of the proceeds of sale of the real property, when sold, and made sundry provisions as to the occupancy of the property until sale and as to payment of bills. These, also, were error. (Civ. Code, § 142.)

Accordingly, the interlocutory decree of divorce is modified by striking therefrom: (1) Paragraphs 4, 5, 6 and 7 thereof; (2) in Paragraph 11, the words "payable from his share of the proceeds from the sale of the property." As so modified, the decree is affirmed; each party to bear his own costs on appeal.

Burke, P. J., and Jefferson, J., concurred.