[Civ. No. 7277.    Fourth Dist.    May 19, 1964]

LAURA A. MILLER, Plaintiff and Respondent, v. HARRY E. MILLER, Defendant and Appellant.

Edmund Herman for Defendant and Appellant.

Richard Crake for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant-appellant husband appeals from an interlocutory decree of divorce. The notice of appeal indicates that it is intended to be from all provisions of the interlocutory decree, but the briefs of the parties are addressed to those portions of the decree which involve property rights and support payments.

The wife is 44 years of age and the husband is 46. They were married in Chicago, Illinois on June 27, 1943, and, after 18 years of marriage, separated in San Diego on November 1, 1961. They have two children who are about 14 and 13 years old at the present time. The wife is employed as a teacher in the San Diego school system and her gross income is $6,895 per year. The husband is employed as a psychologist by San Diego County and his gross income is $7,700

per year. The parties apparently spent much of their married life outside the State of California. They own real property in Reedley and San Diego, California, as well as in Toledo, Ohio. The complaint alleged that these properties were community property, but the title was held in joint tenancy as to the California properties and as tenants in common as to the Ohio property. The trial court apparently felt and found that all of the real property was their separate property. There was evidence that the wife had inherited from her father more than $15,000 and that she contributed more than $10,000 of this toward the acquisition of the properties. The trial court made awards to each of the parties of various items of furniture, automobiles, small bank accounts, and also determined which of the debts should be paid by each. The court ordered that the husband should pay a lump-sum alimony award of $10,000 within one year and that this award should be secured by the real properties involved. It further ordered that the performance of such obligation by husband, and any and all other obligations imposed upon husband by this decree, should be secured by a lien upon any interest of the husband in these real properties, and the husband was ordered to execute and deliver to the wife an appropriate security instrument as to each of said properties, to carry out this provision of the decree. These security instruments would consist of a mortgage in the case of the Ohio property and deeds of trust in the case of the California real property. The wife was ordered to cooperate with the husband in the sale of the Ohio real property or the Reedley real property at their respective fair market prices, for the purpose of enabling the husband to satisfy the liens imposed by this judgment thereon. The wife was given an award of one dollar per year as alimony for her support and maintenance and the court reserved the power to modify said award upon any substantial change of circumstances. The account in Home Federal Savings and Loan Association in the wife's name was awarded to the husband, on condition he apply the same on the payment of the joint obligation of the parties to a Mrs. Turner, and that he secure from Mrs. Turner a cancellation and discharge of the joint obligation of the parties. The husband was ordered to pay support and maintenance of the minor children in the sum of $90 per month for each child. He was ordered to hold the wife harmless from all liability on account of any and all community obligations of the parties and to pay Mrs. Turner out of the

property awarded to him for that purpose, to wit, a tax refund check from the United States of America in the sum of $334.91, and $800 in the wife's name in Home Federal Savings and Loan Association. The decree awarded the possession of the premises at 1836 Midvale Drive, San Diego, to the wife until further order of the court, as the homestead for herself and the minor children of the parties. At the court's suggestion, the wife amended her complaint to ask for the $10,000 lump-sum alimony so that the court could adjust the property rights of the parties and be able to return to the wife the excess contribution she had made toward the acquisition of the various real property holdings.

The husband contends that because of the payments which he must make on various debts, he does not have enough money to live on, and that the award of child support and the debt payment provisions in the decree are unreasonable. He complains about the division of the community property, which was apparently valued at about $5,300. He was awarded approximately $1,900 of this amount in order to pay community debts of about $1,100. In addition, he will receive one-half of the value of the parties' real estate holdings and two promissory notes after paying the wife the initial $10,000.

There is evidence from which the court could have concluded that the husband was guilty of cruel treatment and therefore the sufficiency of the evidence supporting the finding of fault by the husband is not in doubt. The husband's attorney tries to make a contention that some of the cruel treatment occurred after the parties separated and that the wife did not know of the husband's visits to another woman until the time of trial, and that therefore this could not have constituted cruel treatment. However, there was evidence of statements made to the wife by the husband during the marriage which amply justify the court's finding of cruelty on the part of the husband.

*Hall* v. *Hall*, 42 Cal.2d 435 [267 P.2d 249], is cited, to the effect that where the husband is unable to meet his living expenses, and where the wife was awarded an unusual amount, the award of alimony should be set aside on appeal because it is clearly an abuse of discretion.

Counsel for the wife points out that after basic living expenses of $139 per month for himself, and child support of $180 per month, the husband will have a margin of $173 per month left from the amount of his net earnings at the time of trial; that the award of alimony of $10,000 to the wife was

made in the light of that fact and also the evidence that the parties had separate property , jointly held, valued at $26,425. It is apparent that the trial court did not attempt to make any disposition of any real property held by the parties in any form other than community property. There was no determination by the trial court that there was any quasi-community property.

The main question involved here is whether the trial court did attempt to assign separate property belonging to the husband to the wife. There was no finding that the payment of alimony was in satisfaction of property rights which the wife had. The rule in *Fox* v. *Fox*, 18 Cal.2d 645 [117 P.2d 325], is cited. This case holds that in a divorce action, a court may not assign the separate property of one of the spouses to the other, nor require one to pay to the other any amount in lieu of an assignment or division of the property. It may not therefore require the husband to pay from his separate property any amount to the wife in satisfaction of her property rights when the divorce is granted by reason of her fault. It was there stated that the amount awarded to the wife was to be in satisfaction of her property rights and not for her support; that in an action for divorce, only the community property and the homestead may be awarded; that the court is not authorized to assign the separate property of one of the spouses to the other. The decree in that case was held to violate this rule and was "modified by striking therefrom the provisions relating to the payment of $840." In *Machado* v. *Machado*, 58 Cal.2d 501, 507 [25 Cal.Rptr. 87, 375 P.2d 55], it was held: "In a divorce action the court does not have the authority to award any of the separate property of one spouse to the other. ... Neither can it award the wife exclusive possession of real property owned by the spouses as joint tenants [Citing cases] except as provided in Civil Code section 157. That section provides that in divorce proceedings 'the court may make orders for temporary exclusion of either party from the family dwelling or from the dwelling of the other, until the final determination of the action.' " (See Code Civ. Proc., § 949a.) It held that the trial court had erred in awarding the wife not simply the exclusive right to occupy the dwelling, but also the exclusive right to use it in any way she might see fit; that its order was not limited in time to the final determination of the action; and that therefore, it was unenforceable.

The order in the instant case, giving the wife exclusive

possession of the home in San Diego, which was admittedly held in joint tenancy, is without authority unless the declaration of the homestead on that property removed the application of this rule.

In *Carter* v. *Carter*, 148 Cal.App.2d 845 [307 P.2d 630], the trial court awarded to the wife the home " 'during such period of time as the said minor children of the parties are with defendant and living on the said premises, or until further order of court.' " The judgment of the trial court in this respect was reversed and remanded to the lower court for further proceedings. See also *Barba* v. *Barba*, 103 Cal. App.2d 395, 396 [229 P.2d 465], where it was held that: "By virtue of the nature of the title by which the property is held by the parties, each is the owner of an undivided one-half interest therein in his separate right. In a matrimonial controversy resulting in a decree of divorce in favor of one of the parties, the court is without power to assign the separate property of one spouse to the other." In *Jenkins* v. *Jenkins*, 110 Cal.App.2d 663, 665 [243 P.2d 79], it was held that: "In granting a divorce the court may award support money to the prevailing party and an allowance for the support, maintenance and education of children during their minority. (Civ. Code, § 139.) This section does not give the court authority to award to either party any of the separate property of the other, nor to require the payment of any sum in lieu of an assignment or division of it. (*Tremper* v. *Tremper*, 39 Cal.App. 62 [177 P. 868]. . . .)

"The assignment of the use of the joint tenancy property here was in addition to the monetary awards, and not as security for payment."

As to the order pertaining to the homestead, it will be noted that the wife's amended complaint merely alleges that she *intends* to declare a homestead on the San Diego property. The court made no finding on the question of whether such a homestead was declared. Our examination of the transcript discovered no evidence of such a declaration having been made. The interlocutory decree merely provided that the wife would be awarded possession of the San Diego premises as the homestead for herself and the minor children until further order of the court. There is no evidence or finding that the wife ever conformed to Civil Code, section 1262 et seq. If there was a homestead declared, that fact should be set forth in the pleadings, with the allegation as to whether it was selected from community property or separate property.

(Civ. Code, § 146.) In *Barham* v. *Barham,* 33 Cal.2d 416 [202 P.2d 289], an award of homestead was ordered where the wife had prior thereto declared a homestead on the husband's separate property. See also *Morrison* v. *Barham,* 184 Cal.App.2d 267 [7 Cal.Rptr. 442], to the same effect. Therefore, that portion of the decree assigning a homestead and giving the wife exclusive possession of the separate joint tenancy property in San Diego was beyond the jurisdiction of the court to award.

The next serious question involves the validity of the award of a lump-sum alimony in the sum of $10,000 and ordering it and other obligations imposed on the husband to be secured by a lien upon his interest in all real property which was found to be the separate property of both husband and wife and the claim that the amount allowed was excessive. The husband cites *Hall* v. *Hall,* 42 Cal.2d 435 [267 P.2d 249]; *Hill* v. *Hill,* 150 Cal.App.2d 34 [309 P.2d 44]; *Fox* v. *Fox, supra,* 18 Cal.2d 645; and Civil Code section 146.

A lump-sum alimony allowance is authorized, under proper showing. (*Scheibe* v. *Scheibe,* 57 Cal.App.2d 336, 343 [134 P.2d 835]; *Honey* v. *Honey,* 60 Cal.App. 759 [214 P. 250]; *Haldeman* v. *Haldeman,* 202 Cal.App.2d 498 [21 Cal.Rptr. 75].) In *Fox, supra,* 18 Cal.2d 645, 646, it was held that in an action for divorce the court is without jurisdiction to assign the separate property of one of the spouses to the other, nor to require one to pay to the other any amount of money *in lieu of an assignment or a division of it.* (See also Civ. Code, § 146.)

The question arises as to whether the order creating the lien and ordering the security mentioned did, in effect, compel the husband to pay to the wife any money in lieu of an assignment or division of his property. (See *De Soto* v. *De Soto,* 133 Cal.App.2d 250 [283 P.2d 1052]; *Bixby* v. *Bixby,* 120 Cal. App.2d 495 [261 P.2d 286].) In *Carter* v. *Carter, supra,* 148 Cal.App.2d 845, it was held that the most a divorce court can do with respect to joint tenancy property is to divide it equally, or perhaps declare a lien on the husband's moiety as security for an alimony or support award. See also *Loomis* v. *Loomis,* 181 Cal.App.2d 345 [5 Cal.Rptr. 550], and *Gonzalez* v. *Gonzalez,* 152 Cal.App.2d 103 [312 P.2d 333].

It is to be noted that in the findings, the court found that: "Support and maintenance for plaintiff in the sum of $10,000.00 is a reasonable and necessary sum for her support, and in order to do equity between the parties on the basis of

contributions of separate property by plaintiff to the assets of the parties, said sum is reasonable.'' The court concluded: ''If the joint tenancy property of the parties were community property, the court would award all of it to plaintiff; but the court has no jurisdiction to dispose of said property in such manner and therefore will impose liens on the interest of defendant therein to guarantee his compliance with the orders of this court.''

█ It would appear from the findings and interlocutory decree that the order made in reference to the husband's being compelled to execute security instruments in the form of a mortgage and trust deeds on his interest in the real properties to satisfy the lien imposed went beyond the jurisdiction of the court. It should, at most, be limited to the creation of a lien. (*Honey* v. *Honey, supra,* 60 Cal.App. 759; *Haywood* v. *Haywood,* 115 Cal.App.2d 339 [251 P.2d 1006]; *Sanguinetti* v. *Sanguinetti,* 9 Cal.2d 95, 102 [69 P.2d 845, 111 A.L.R. 342].)

It affirmatively appears that the trial judge would have awarded all of the husband's title in and to the joint tenancy property to the wife if possible, but under the circumstances, being unable to do so, he resorted to the device of giving a judgment for $10,000 as claimed alimony, which would cover the value of the husband's separate interest therein. This would, in effect, circumvent the strict provisions of the statute as held in *Fox* v. *Fox, supra,* 18 Cal.2d 645, 646, where it was said: ''... the court is not authorized to assign the separate property of one of the spouses to the other, nor to require one to pay to the other any amount *in lieu of an assignment or division of it.*'' (Italics ours.)

It is apparent that the husband neither owns nor was awarded community property sufficient to pay a lump-sum alimony judgment within the year. He was awarded an account in Home Federal Savings and Loan Association of $800 and a tax refund check for $334.91, on condition he apply it to debts owed by the parties totaling about $2,200. He was also awarded a 1955 automobile, certain tools and furniture valued at $250, and a retirement fund valued at $100.

█ In connection with the cause heard on its merits, the wife has moved this court to dismiss the appeal on the grounds that the husband has accepted the benefits of the judgment appealed from, in that he was awarded $800 from the savings account and a $334.91 tax refund check, and that he has

withdrawn this sum but has failed to apply it on the community debts, as ordered. (Citing *Bulpitt* v. *Bulpitt*, 107 Cal.App.2d 550 [237 P.2d 539]; *Storke* v. *Storke*, 132 Cal. 349 [64 P. 578].) In answer thereto, the husband has filed his affidavit stating that he did not accept any benefits from the judgment; that said community obligations were ordered to be paid by him and said community obligations were fully discharged by him. We are convinced that the compliance with the order of the court to pay outstanding bills from community funds available was not receiving the benefits of the judgment which would preclude an appeal on the many separate issues here presented. (*Gudelj* v. *Gudelj*, 41 Cal.2d 202 [259 P.2d 656].)

The motion to dismiss is denied. That portion of the interlocutory judgment awarding a $10,000 lump-sum judgment as alimony with the attached conditions in reference to executing trust deeds and a mortgage on the real property involved, as well as the portion giving exclusive possession of the home in San Diego to the wife and declaring a homestead thereon, is reversed, with directions to the trial court to reconsider this subject matter in the light of this opinion and authorities cited.

The remaining portion of the judgment is affirmed. Each party to pay own costs on appeal.

Coughlin, J., and Finley, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.