[Civ. No. 42478. Second Dist., Div. Two. Apr. 25, 1974.]

In re the Marriage of ADELINE GLORIA and
EDWARD R. BJORNESTAD.
EDWARD R. BJORNESTAD, Appellant, v.
ADELINE GLORIA BJORNESTAD, Respondent.

## COUNSEL

Stanley N. Gleis and Robert Ferguson for Appellant.

Stearns, Gross & Moore and Thomas B. Moore for Respondent.

## OPINION

**ROTH, P. J.**—Adeline Gloria Bjornestad (Gloria) and Edward R. Bjorne-stad (Edward) were married on December 31, 1967; separated December 30, 1971, and were pursuant to Gloria's petition filed February 24, 1972, and Edward's response thereto, separated by an interlocutory decree of dissolution entered October 6, 1972 (decree), which in items 2 to 8 inclusive made a complete property disposition.

Edward in this appeal contests item 2 thereof. In respect of item 2 the trial court found that the property at 10533 Hester Avenue, Whittier (Hester), held by Gloria and Edward as joint-tenants, was a family residence, the down payment for the acquisition of which was made with $5,400 of the separate funds of Gloria and $450 of the separate funds of Edward, and was resided in by the parties. "Prior to . . . trial . . ." it was sold. From the time of acquisition until sale the trust deed payments made on Hester were made from community funds. The court also found that when Hester was purchased the parties ". . . did not intend to make a gift . . ." to each other and intended that Hester be held as community property ". . . to the extent that the value thereof exceeded . . ." their respective separate contributions.

Edward, on motion for a new trial, contested the above finding urging that there was no direct evidence that the parties did not intend to make a gift; that Hester was sold prior to the decree and that the presumption of joint tenancy should apply. (*Benam* v. *Benam* (1960) 178 Cal.App.2d 837, 844 [3 Cal.Rptr. 410].) Pursuant to said motion the original findings above recited were amended as follows: " 'The parties stipulate that the respondent's [Edward] contention of gift arises only from a contention that the property is joint tenancy and therefore a gift of separate property is to be presumed.

" 'At the time the parties acquired the said family residence, and at all times thereafter, there was no intention to make or not to make a gift communicated by either party to the other. The court finds that the presumption of Section 5110 and its predecessor section applies and that by reason of said presumption, said real property is the community property of the parties except for the traceable separate property set forth in paragraphs 2 and 3 above.' "

"Paragraph 1 of the Conclusions of Law is deleted and in its place and stead the following is inserted:

" 'The presumption from the form of the joint tenancy deed that said

real property was held in joint tenancy does not apply and therefore presumption of a gift of separate property does not apply. The presumption of CC Section 5110 and its predecessor section that said property was community property does apply. The Court concludes that said real property was community property of the parties, subject to reimbursement of separate property contributions thereto in the amount of $5,400.00 to petitioner and $450.00 to respondent.' "

This appeal is on the judgment roll. All factual presumptions are in favor of the judgment. (*Wheelright* v. *County of Marin* (1970) 2 Cal.3d 448 [85 Cal.Rptr. 809, 467 P.2d 537].) Our function is limited to a determination of whether: the complaint states a cause of action; the findings are within the issues; the judgment is supported by the findings, and whether reversible error appears on the face of the record. (*Anderson* v. *County of El Dorado* (1967) 253 Cal.App.2d 611 [61 Cal.Rptr. 502].)

The decree is predicated upon a construction of the following presumption in Civil Code section 5110: ". . . when a single-family residence of a husband and wife is acquired by them during marriage as joint tenants, for the purpose of the division of such property upon dissolution of marriage or legal separation only, the presumption is that such single-family residence is the community property of said husband and wife. . . ."

At the time the Family Law Act was passed in 1969, the courts did not have the authority to give a family home held in joint tenancy to the wife as part of the division of property even though the property may have been purchased with community funds. Its only course of action was to divide the asset equally.[1] (*Carter* v. *Carter* (1957) 148 Cal.App.2d 845 [307 P.2d 630].) The presumption was intended to avoid the problems created by joint tenancy deeds in dissolution actions by presuming the family residence to be community property even though held in joint tenancy. (Review of Selected 1965 Code Legislation (Cont. Ed. Bar).)

The presumption recited in Civil Code section 5110 was added by the Legislature to Civil Code section 164 in 1965. In 1969 when the Family Law Act was enacted, section 164 was re-enacted as section 5110 with a change in terminology to reflect dissolutions rather than divorces. Statutes 1969, chapter 1608, page 3339, section 8, operative January 1, 1970.

---

[1] The courts may now have this power with the passage of Civil Code section 4800, subdivision (b)(1) in 1970. There are suggestions that it may. See Attorneys Guide to Family Law Act Practice (Cont. Ed. Bar (2d ed.) 1972) sections 5.9, 5.18. We do not decide this question at this time.

The history of the presumption and its subsequent re-enactment indicate that the Legislature did not change in its intent. Legislative intent is the primary and controlling consideration in the construction of a statute. (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 256 [104 Cal.Rptr. 761, 502 P.2d 1049].) Statement in legislative committee reports which are in accordance with a reasonable interpretation of a statute will be followed by the courts to assist in interpretation of legislative intent. (*In re Marriage of Paddock* (1971) 18 Cal.App.3d 355 [95 Cal.Rptr. 652].)

The Assembly Interim Committee on Judiciary commented as follows: ". . . [H]usbands and wives take property in joint tenancy without legal counsel but primarily because deeds prepared by real estate brokers, escrow companies, and by title companies are usually presented to the parties in joint tenancy form. . . . they don't know what joint tenancy is, . . . they think it is community property, and then find out upon death or divorce that they didn't have what they thought they had all along and instead have something else which isn't what they intended. On the occurrence of a divorce there is strong motivation to establish the status of the residence as community property notwithstanding the form of the deed since the divorce court cannot award the residence to the wife and children if it in fact is held as joint tenancy." Final Report of the Assembly Interim Committee on Judiciary Relating to Domestic Relations, Appendix to the Journal of the Assembly (1965) page 124.

It appears that the thought which prompted the amendment was to protect a wife and/or children against uncertainties and difficulties following marital dissolutions. At the time of enactment of section 164, the Continuing Education of the Bar in its review stated: ". . . the phrase 'single family residence' apparently would be limited to the residence occupied by the family when disruption occurred, or perhaps to a homestead residence that has not been abandoned, although husband and wife may not be living there just prior to divorce or separate maintenance proceedings." Review of Selected 1965 Code Legislation (Cont. Ed. Bar) page 40.

Section 4800 et seq. alluded to in footnote 1 require the court to make an equal division of community property and quasi-community property in such a manner ". . . as it deems proper to effect a substantially equal division of the property." Civil Code section 4800, subdivision (b)(1). In many cases involving dissolution of marriage the wife is either not working, or if working earns less than the husband. In numerous cases the fact of joint tenancy is the result of inadvertence or misunderstanding and is not

arrived at by any independent thought processes of the parties. Frequently the dissolution of a marriage requires the sale of the family residence. At bench the pleadings show a time interval of approximately eight months between the filing of the petition for dissolution and the decree. The fact that Hester was sold prior to the decree does affect the operation of the presumption referred to in section 5110. In our opinion the Legislature intended the presumption provided for in section 5110 to apply to the family residence at the time of the filing of papers for dissolution.

■ At bench the trial court applied the 5110 presumption and found that there was no intent by either party to make a gift to the other. The burden of proving a gift to eliminate the application of the presumption in section 5110 as discussed above is, in our opinion, definitely upon the party claiming the gift. Since the 5110 presumption is not rejected by any evidence in the record, we must accept it and affirm that the residence was held in community as against the contention that it was in joint tenancy even though acquired in that form. (*McLellan* v. *McLellan* (1972) 23 Cal. App.3d 343, 356 [100 Cal.Rptr. 258].) ■ The presumption that the money with which community property was acquired is community money controls only when it is impossible to trace the source of the funds which purchased the property. (*Thomasset* v. *Thomasset* (1953) 122 Cal.App.2d 116, 124 [264 P.2d 626]; *See* v. *See* (1966) 64 Cal.2d 778, 783 [51 Cal. Rptr. 888, 415 P.2d 776].) At bench the court found no intent to make a gift and the funds were traceable with arithmetical certainty.

The judgment is affirmed.

Fleming, J., and Beach, J., concurred.