[Civ. No. 283. Fifth Dist. Nov. 27, 1963.]

LEOLA DAVIS, Plaintiff and Appellant, v. W. H. DAVIS, Defendant and Respondent.

Guy Knupp, Jr., for Plaintiff and Appellant.

William A. Hill for Defendant and Respondent.

BROWN (R.M.), J.—Appellant appeals from an interlocutory decree of divorce, limiting her appeal to a portion of the judgment relating to property which the trial court found to be in joint tenancy.

Appellant originally sold some stock which was her separate property. With the proceeds of the sale appellant and respondent bought a family home (title being taken in joint tenancy), and later sold a portion of the realty for which the unpaid balance of the sales price was represented by a note and deed of trust in the names of the husband and wife as

joint tenants. Respondent at the time of the marriage owned real property in the State of Nevada which he subsequently sold for $6,300, and was receiving payments on a note from the sale of other land in California. Appellant subsequently sued for divorce, alleging that this real estate and deed of trust describing appellant and respondent as joint tenants were in fact the separate property of the appellant.

An issue as to the character of the properties was joined in that the respondent in his answer alleged that the real property and the note and deed of trust were taken by the respective parties as joint tenants, that there was no other agreement, and denied that the property was the sole and separate property of the appellant.

After a trial the court found that the properties were held in joint tenancy, that the parties were equal owners thereof; and in its conclusion and judgment held that the real property and the note and deed of trust were held by the parties as joint tenants and that each was entitled to one-half interest therein.

The appellant appealed therefrom on the ground that the evidence was insufficient to support the findings that the real property and note and deed of trust were actually the joint tenancy property of the parties and that they are equal owners. However, at oral argument the appellant withdrew and waived her claim of insufficiency of the evidence.

The sole remaining point is that the court was without jurisdiction to make an award of joint tenancy property even if the property was true joint tenancy, and her particular objection to the trial court's judgment, "... each to hold an undivided one-half interest therein."

As set forth in *Siberell* v. *Siberell*, 214 Cal. 767, 771 [7 P.2d 1003], "For the creation of a joint tenancy, four unities are required, namely, unity of *interest*, unity of *title*, unity of *time*, unity of *possession*." (*Hammond* v. *McArthur*, 30 Cal.2d 512, 514 [183 P.2d 1].) Again, quoting from *Siberell* v. *Siberell, supra*, at page 773, "A joint tenancy is one estate and in it the rights of the spouses are identical and coextensive." (*Kaupe* v. *Kaupe*, 131 Cal.App.2d 511, 513 [280 P.2d 856].)

Where the matter was presented to the trial court and decided as one of the issues in the trial and the court made a declaration in accordance with the uncontroverted record of title to the effect that the property was held in joint tenancy and no separate property of either spouse was awarded to the

other, there has been no error. (See *DeSoto* v. *DeSoto*, 133 Cal.App.2d 250, 253 [283 P.2d 1052].)

 Thus, in a divorce action the trial court may determine the character of the property and may award community property only—not separate property. Since joint tenancy property is separate property and not community, the court in cases of joint tenancy property can make such a determination, that is, that the property is in joint tenancy.

"It is likewise well settled that in a divorce action, the court is without power to assign one spouse's separate property to the other. [Citations.] However, where the issue presented is the nature or character of the property, the court has jurisdiction to determine whether it is separate or community property, and it may even determine that property is held in joint tenancy." (*Mears* v. *Mears*, 180 Cal.App.2d 484, 500 [4 Cal.Rptr. 618].)

But the court must stop there; it cannot award the property because to do so would be awarding the separate property of the spouses. By awarding the property to the parties "jointly, each to hold an undivided one-half interest therein," the court thus changed the property from joint tenancy to tenancy in common. Holding an undivided interest in property is the very essence of tenancy in common. The trial court by destroying the survivorship aspect of the tenancy destroyed the joint tenancy character of the title and created a tenancy in common.

The judgment is modified and the trial court is directed to reframe the findings of fact and conclusions of law and the judgment in the following respects: by striking from finding number 2 the words "and that they are equal owners thereof"; by striking from the second conclusion of law the words "and each are [*sic*] entitled to a one-half interest therein"; and by striking from the judgment paragraph 3 thereof and inserting in lieu thereof the following: That the property as indicated and evidenced by defendant's Exhibits "A" and "B" is held by the parties as joint tenants.

As so modified, the judgment is affirmed. Each party shall bear his or her own costs on appeal.

Conley, P. J., and Stone, J., concurred.