[L. A. No. 11236.   In Bank.—September 22, 1931.]

AHMET SKULICH et al., Respondents, v. ERZI SKULICH, Appellant.

Kennicott & Williams for Appellant.

George D. Higgins for Respondents.

WASTE, C. J.—While ostensibly this is an action for partition of community property on the theory that the parties are tenants in common unable to agree as to the management and disposition thereof, the real purpose of the action appears to be to enforce specific performance of a property settlement between Ahmet Skulich and Erzi Skulich, whose marriage had been annulled on the ground that the wife had another husband living from whom she was not divorced at the time of her marriage to Skulich. Their marital troubles culminated in 1925, and Ahmet Skulich executed an assignment of his interest in the property to Erzi. Ahmet claimed that he was coerced into executing this assignment by Erzi. Immediately after it

was executed, a second property settlement agreement was entered into between the two at a time when both parties were represented by counsel, and the terms and conditions of the agreement appear to have been explained to and thoroughly understood by all of the parties.

The trial court made adequate findings, which sufficiently dispose of all of the contentions made by the appellant. It found that Mrs. Skulich, who is the appellant, understood the nature and terms of the property settlement agreement, which, it also finds, is neither unfair nor inequitable as to her. The trial court, in its judgment, endeavored to carry out the terms of the settlement agreement between the parties by its decree, which, we think, sufficiently does so, and it did not, as the appellant contends, make a new agreement between the parties.

In answer to the contention that plaintiffs did not bring the right form of action, it is definitely settled that, under section 752 of the Code of Civil Procedure, as amended in 1919 (Stats. 1919, p. 319), neither actual possession nor the right to actual or immediate possession is necessary to enable a cotenant to maintain an action in partition, if he otherwise falls within the provisions of that section. (20 Cal. Jur. 601; *Geary* v. *de Espinosa*, 51 Cal. App. 52 [196 Pac. 90]; *Luco* v. *De Toro*, 91 Cal. 405 [18 Pac. 866, 27 Pac. 1082].)

The judgment is affirmed.

Seawell, J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.