[Civ. No. 14947. Second Dist., Div. Two. Dec. 5, 1945.]

E. M. YOUNG, Appellant, v. HAZEL HESSLER et al., Defendants and Respondents; FRED HESSLER, Intervener and Respondent.

Roy C. Kaiser and Roy A. Linn for Appellant.

Edward Feldman for Respondents.

FOX, J. pro tem.—This is an action for partition of real property. Plaintiff appeals from a judgment denying her any relief and enjoining her from asserting any claim to said property.

Plaintiff purchased an account against Fred Hessler and brought an action thereon against him in the Municipal Court of the City of Los Angeles. A default judgment was entered on July 12, 1941. On that same day plaintiff caused to be recorded in the office of the county recorder of Los Angeles County an abstract of said judgment certified by the clerk of said court, thereby creating a judgment lien on his interest in the premises here in question which were owned by him and his wife, Hazel, as joint tenants, and on which they resided. On March 20, 1942, Hazel filed a declaration of homestead on said property. On April 22, 1942, plaintiff had an execution issued out of the municipal court on said judgment and pursuant thereto the marshal of said court sold to plaintiff on May 28, 1942, all the right, title and interest of Fred Hessler in and to the real property involved in this action, which property, however, was subject to a trust deed encumbrance in the approximate amount of $2,500. On said last date the marshal executed and delivered to plaintiff herein a certificate of sale to said real property. The interest sold to Young not having been redeemed, the marshal, on June 9, 1943, executed and delivered to plaintiff a marshal's deed to the said property.

The municipal court judgment against Fred Hessler was regular on its face, and upon the recording of an abstract thereof with the county recorder it became a lien upon all the

real property (not exempt from execution) in the county which Fred Hessler owned, including his interest in the lot here involved. (Code Civ. Proc., § 674.) Such lien on the interest of Fred Hessler was therefore prior to the homestead declaration of his wife, Hazel, upon his interest since she did not file her declaration of homestead for record until March 20, 1942. (*Smith* v. *Bangham*, 156 Cal. 359 [104 P. 689, 28 L.R.A.N.S. 522].) Fred Hessler's interest was therefore subject to execution sale in satisfaction of the judgment by the express terms of section 1241, subdivision 1, Civil Code,* and the title of plaintiff related back to July 12, 1941, when the abstract of the municipal court judgment was recorded. (*Freelon* v. *Adrian*, 161 Cal. 13, 18 [118 P. 220].) ██ After the sale plaintiff and Hazel Hessler became tenants in common. (*Tilden* v. *Tilden*, 81 Cal.App. 535, 542 [254 P. 310]; *Pepin* v. *Stricklin*, 114 Cal.App. 32, 35 [299 P. 557]; *Green* v. *Skinner*, 185 Cal. 435, 438 [197 P. 60]; *Zeigler* v. *Bonnell*, 52 Cal.App.2d 217, 219 [126 P.2d 118].)

██ The question, then, is: Does such a statutory homestead interest deprive the other cotenant of the right to have the common property partitioned? This question is answered in an annotation entitled Homestead Right of Cotenant as Affecting Partition, in 140 American Law Reports, 1170, at page 1171. It is there said that the cases uniformly hold or assume that the homestead rights of a cotenant in his interest in the common property are not a bar to partition. Many cases are cited in support of this proposition. This principle is recognized in *Estate of Kachigian*, 20 Cal.2d 787 [128 P.2d 865]. In that case it is pointed out that since the amendment of section 1238,** Civil Code, in 1929, a tenant in common of real property may declare a homestead in his undivided interest. That such a homestead interest in one cotenant would not deprive the other cotenant of the remedy of partition is indicated by the following statement of the court (page 792): "It cannot be said that the rights of the other cotenant are in any way prejudiced, as the homestead claimant, or his surviving family, acquires only such rights of occupancy as he had before

---

*"The homestead is subject to execution or forced sale in satisfaction of judgments obtained: 1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises."

**Under this section the property from which a homestead may be selected "includes any freehold title, interest, or estate which vests in the claimant the immediate right of possession, even though such right of possession is not exclusive."

the creation of the homestead, and the other cotenant's interest is in no way affected; for example, his right to use the property remains exactly as before and he may sell or assign his undivided share. If he objects to his cotenant, his remedy is by partition.''

■ Defendant Hazel Hessler, however, takes the position that since she was a tenant in common (after the execution sale of her husband's interest to the plaintiff), in possession and clothed with a homestead right, and the plaintiff a tenant in common not in possession, the latter therefore is deprived of the remedy of partition. This position is not well founded. In *Skulich* v. *Skulich*, 213 Cal. 653, at p. 654 [3 P.2d 12], the court said: ''It is definitely settled that, under section 752 of the Code of Civil Procedure, as amended in 1919 (Stats. 1919, p. 319), neither actual possession nor the right to actual or immediate possession is necessary to enable a cotenant to maintain an action in partition, if he otherwise falls within the provisions of that section.'' It is clear that plaintiff comes within the provisions of section 752, Code of Civil Procedure.

On this point defendant relies on *Mills* v. *Stump*, 20 Cal. App. 84 [128 P. 349], and *Walton* v. *Walton*, 59 Cal.App.2d 26 [138 P.2d 54]. These cases are not applicable. In the former case a probate homestead was involved. The probate court had set apart to the surviving widow a certain 25 acres which included the dwelling house and other improvements which had been used and occupied by the family. By a decree of distribution the entire tract of 320 acres was distributed in undivided shares of one third each, to plaintiff and defendants, as tenants in common subject to said homestead. Plaintiff sought partition of the 295 acres, leaving the 25-acre homestead undisposed of. The defendants, however, wanted the entire tract partitioned. The court refused to include the homestead in the partition. To have held otherwise would have deprived the surviving widow of property rights which she was entitled to under the law and which the court had set aside for her use and enjoyment during her lifetime. No problem of the effect of a prior judgment lien under section 1241 (1), Civil Code was involved. In the Walton case the husband was trying to destroy, through the medium of an action to partition, the homestead rights which the wife had declared in joint tenancy property. The husband, of course, was not a judgment creditor as the plaintiff is in this case and consequently did not come within the provisions of section 1241 (1), Civil Code

while the plaintiff here does come within said provisions. Complete title to the property was held by the husband and wife when the latter filed her declaration of homestead. Here, however, a judgment lien had already attached to the husband's interest before the declaration of homestead was filed.

Defendant Hazel Hessler argues that the execution sale of Fred's interest in the property should be vacated. Her first contention in support of this proposition is the alleged failure to properly post the notice of sale. This contention is not tenable for the reason that ''the law is established in this state that a failure to give proper notice of a judicial sale of real estate does not invalidate the sale or constitute sufficient reason for setting such sale aside.'' If proper notice is not given, the injured party's exclusive remedy is that provided in section 693, Code of Civil Procedure. (*Hamilton* v. *Carpenter,* 52 Cal.App.2d 447 [126 P.2d 395].) On this point defendant strongly relies on *Hindle* v. *Warden,* 50 Cal.App. 356 [195 P. 428], and *Penn* v. *Dyba,* 115 Cal.App. 67 [1 P.2d 461]. These cases are not applicable since they deal with the posting of redemption notices pursuant to the specific requirements of the public improvement statutes there under consideration.

There is no foundation either in the pleadings or in the evidence to support defendant's contention that the municipal court judgment against Fred Hessler was fully satisfied. Nor do we find any support for the other alleged irregularities in the execution sale of his interest in the property.

Defendant emphasizes the nominal amount plaintiff is supposed to have paid for the account on which the municipal court judgment is based and the alleged failure of the plaintiff to have a city license authorizing her to purchase accounts. As the defendant in this action she is in no position to raise these questions since the municipal court judgment was regular on its face and she was not a party to that action.

Finally, it should be noted that there are no findings on the issues made by the amended complaint in intervention of Fred Hessler and the answer of the plaintiff thereto and consequently no judgment as between these parties. Upon a retrial findings should be made on said issues and an appropriate judgment entered thereon. This is particularly important in this case since plaintiff's municipal court judgment is against Fred Hessler and it is his interest in the property here in question upon which plaintiff claimed a lien by reason of said judgment and upon which she levied execution and the pur-

72

chase of which at the marshal's sale made her a cotenant with Hazel and gave her the asserted right to have the property partitioned.

The judgment is reversed.

Moore, P. J., and Wilson, J., concurred.