[Civ. No. 25122.   Second Dist., Div. One.   Apr. 3, 1961.]

DANIEL L. SQUIBB, Respondent, v. ALMA E. SQUIBB, Appellant.

Edward I. Read for Appellant.

Loyal C. Pulley for Respondent.

LILLIE, J.—The parties, while husband and wife, acquired title to certain joint tenancy property; thereafter the wife sued for a divorce and a final decree was entered October 28, 1957. Neither the interlocutory nor the final decree made disposition of the use or ownership of the property. (*Fox* v. *Fox,* 18 Cal.2d 645 [117 P.2d 325].) It constitutes a residence wherein the parties lived during their marriage; the wife and the children continued to reside on the premises. The property is encumbered and, as a practical matter, is incapable of physical partition.

Almost two years after the entry of the final decree of divorce defendant, appellant herein, on October 23, 1959,

filed a declaration of homestead on the property which was occupied by her and the children. It was recorded January 6, 1960. On December 4, 1959, plaintiff sued appellant for partition and sale of the property; her answer alleged her execution and recordation of the declaration of homestead, which defense the lower court struck on plaintiff's motion. An interlocutory judgment ordering partition and sale was entered; defendant appeals therefrom.

The issue before us is whether appellant's declaration of homestead constitutes a defense to the action. Urging a liberal construction of the homestead statute, appellant contends that the law should be applied to prevent respondent from breaking up her home by forcing a sale of the premises.

■ ■ The undisputed facts that the subject property is held in joint tenancy, its "partition cannot be made without great prejudice to the parties" and respondent was not then married to appellant, justified the bringing of the within action by him for partition and sale (Code Civ. Proc., § 752; *Barba* v. *Barba,* 103 Cal.App.2d 395 [229 P.2d 465]); and the further fact that after October 28, 1957, the parties were no longer married to each other and when appellant selected her homestead she was unmarried and her relation to respondent was solely that of cotenant and a third party, defeats the validity of appellant's defense.

■ Under section 1238, Civil Code, a declaration of homestead is limited to certain property, depending upon the status of the claimant and the type of property involved. Thus if "claimant be married" and female, she may select a homestead from community property, the separate property of her "husband," or from that held "by the spouses as tenants in common or in joint tenancy"; if she be "unmarried" but head of a family, she may select it from any of "her property." ■ As an unmarried person then, only appellant's own property was subject to a homestead; and the property from which she selected the same, at the time was held by the parties not as husband and wife but as all joint tenancy property is held by cotenants who are not married to each other. Thus inapplicable is the reasoning in those cases, urged by appellant, holding that a wife may impose a homestead on property held in joint tenancy by her and her husband, as well as upon her husband's separate property. (*Swan* v. *Walden,* 156 Cal. 195 [103 P. 931, 134 Am.St.Rep. 118, 20 Ann.Cas. 194]; *Walton* v. *Walton,* 59

Cal.App.2d 26 [138 P.2d 54]; *Strangman* v. *Duke*, 140 Cal. App.2d 185 [295 P.2d 12].)

Having determined that defendant, inasmuch as she was an unmarried person at the time she selected her homestead, could do so only from her own property (Civ. Code, § 1238), the question arises whether she could select one from joint tenancy property held by her with a third person, and if so, whether her cotenant could thereafter seek partition and sale.

█ By virtue of the nature of the title by which the property is held by the parties, each is the owner of, and entitled to, an undivided one-half interest therein in his separate right (*Barba* v. *Barba*, 103 Cal.App.2d 395 [229 P.2d 465]); and it would appear under section 1238 that either party may select a homestead on his interest therein. █ It is now well established that tenancies in common and joint tenancies are estates from which a homestead may be selected. (*Estate of Kachigian*, 20 Cal.2d 787 [128 P.2d 865].) The Kachigian case involved property, held as a tenancy in common by a man and his deceased brother's wife, on which were two residences and which was physically suitable for a homestead. The court's holding that the probate court is required to select and set apart a homestead for her use out of her deceased husband's undivided one-half interest in the property was predicated on the policy underlying homestead legislation to provide a home for the family and its surviving members where they may reside ''freed from any anxiety that it may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors.'' (*Estate of Fath*, 132 Cal. 609, 613 [64 P. 995].) █ In line with this view the courts deem immaterial the status of a claimant's title as between creditor and the claimant of the homestead exemption (*Brooks* v. *Hyde*, 37 Cal. 366; *California Bank* v. *Schlesinger*, 159 Cal.App.2d Supp. 854 [324 P.2d 119]), pointing out that homestead interests serve primarily to protect the title or interest of the claimant against the demands of creditors. █ But as between cotenants, a homestead interest does not affect the rights, interests or estates of persons holding adversely or collaterally. The homestead claimant acquires only such rights of occupancy as he had before the creation of the homestead; and the cotenant's rights are in no way affected—he may sell or assign his undivided share, and ''If he objects to his cotenant, his remedy is by partition.

(Code Civ. Proc., § 752, et seq.; 20 Cal.Jur. 586, et seq. . . .)"
(*Estate of Kachigian,* 20 Cal.2d 787, 792 [128 P.2d 865]);
and in cases in which the property cannot be partitioned without great prejudice to the parties it may be sold. (Code Civ. Proc., § 752.)

The law is now clear that a statutory homestead interest does not deprive the cotenant of the right to have the common property partitioned and sold and that the homestead right of the cotenant in his interest in the common property is no bar to a suit for that purpose. (*Young* v. *Hessler,* 72 Cal.App.2d 67 [164 P.2d 65].) In *Young* v. *Hessler, supra,* defendant and her husband owned certain joint tenancy property; plaintiff, a creditor of the husband, obtained a judgment against him. A declaration of homestead had been recorded by defendant wife on the property; the husband's interest had been sold under execution and a deed was issued to the plaintiff, who now owned the property with the debtor's wife, as joint tenants. Plaintiff sued to partition the property. Reversing the lower court judgment denying partition, the appellate court held that although a cotenant of real property may declare a homestead on his undivided interest therein, the homestead interest in him does not deprive the other of the remedy of partition. The question there was the same as here, and the court said at page 69: "This question is answered in an annotation entitled Homestead Right of Cotenant as Affecting Partition, in 140 American Law Reports, 1170, at page 1171. It is there said that the cases uniformly hold or assume that the homestead rights of a cotenant in his interest in the common property are not a bar to partition. Many cases are cited in support of this proposition. This principle is recognized in *Estate of Kachigian,* 20 Cal.2d 787 [128 P.2d 865] . . . Defendant Hazel Hessler, however, takes the position that since she was a tenant in common (after the execution sale of her husband's interest to the plaintiff), in possession and clothed with a homestead right, and the plaintiff a tenant in common not in possession, the latter therefore is deprived of the remedy of partition. This position is not well founded," citing *Skulich* v. *Skulich,* 213 Cal. 653 [3 P.2d 12].

Respondent having brought himself within the provisions of section 752, Code of Civil Procedure, is entitled to maintain the within action under the rule of *Barba* v. *Barba,* 103 Cal. App.2d 395 [229 P.2d 465] and *Young* v. *Hessler,* 72 Cal. App.2d 67 [164 P.2d 65]; and we deem the homestead interest

of appellant in the property not to be a bar to partition and sale.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 31, 1961.