In re Jim H. HSIA, Debtor/Appellant.

No. C 95–20080 RPA.
Bankruptcy No. 94–53352 MM.

United States District Court,
N.D. California.

June 8, 1995.

Milton D. Rosenberg, Rosenberg and Rosenberg, Los Gatos, CA.

David J. Cook, Cook, Perkiss & Lew, San Francisco, CA.

Lawrence M. Boesch, Schneider & Wallerstein, San Jose, CA.

ORDER GRANTING MOTION TO AVOID
JUDICIAL LIENS AND GRANTING
AUTOMATIC HOMESTEAD EXEMP-
TION

AGUILAR, District Judge.

This matter comes before the court by way of an appeal by the debtor/appellant Jim H. Hsia. Hsia appeals from an order of the United States Bankruptcy Court, Honorable Marilyn Morgan, presiding. Hsia attempted to avoid two judicial liens. His motion for avoidance was denied.

Initially Hsia filed a notice of appeal on September 28, 1994, before the Bankruptcy Appellate Panel. Creditor Wolfe Creek Cafe, Inc. filed an objection to jurisdiction by the Bankruptcy Appellate Panel. As a result, the matter was assigned to this court to hear the appeal.

## I. FACTS PRESENTED

For a time prior to December 27, 1985, Hsia held a 25% recorded interest in certain real property, commonly known as 1089 Valley View Court, Los Altos, California. This 25% interest was held in joint tenancy with his mother and father. The parents held a recorded 75% interest. Hsia had resided on this property continuously to the present time since approximately 1984.

On December 27, 1985, Hsia and his parents conveyed their individual interests by way of gift deed. The deed was properly recorded on January 10, 1986. The deed conveyed an interest of 20% in the property in joint tenancy to each of the following:

(1) Kao Hsia (Debtor's father)

(2) Lisa T.C. Hsia (Debtor's mother)

(3) Jim H. Hsia (Debtor)

(4) Alice Y. Hsia (Debtor's sister)

(5) Steve H. Hsia (Debtor's brother)

By this last instrument Hsia acquired a new interest in the subject property. His new interest was an undivided 20% in the whole of the property in joint tenancy with his father, mother, sister and brother. The parties have agreed that for purposes of these proceedings, the property in question is valued up to $630,000.

For purposes of these proceedings, there are three recorded lien holders as follows and in the order of their priority:

| | | |
|---|---|---|
| (1) | Home Savings and Loan (Holder of First Deed of Trust) | $330,000.00 |
| (2) | Bi-Rite Restaurant Supply (Judgment creditor of Hsia) | 6,500.00 |
| (3) | Wolfe Creek Cafe, Inc. (Judgment creditor of Hsia) | 88,800.00 |

The parties agree that the Home Savings and Loan lien is as against the whole of the property. The remaining two judgment liens are as against the 20% interest only of Hsia in the subject property.

Judgment Creditor Wolfe Creek Cafe, Inc. filed an Application for Order of Sale of Dwelling pursuant to California Code of Civil Procedure Section 704.780(b). The Application was filed in the Superior Court of the State of California in and for the County of Santa Clara.

Following a hearing upon the Application, Judge Joseph F. Biafore, Jr., granted the Application by order dated March 15, 1995. Judge Biafore ordered that the property be sold as required by Sections 701.510 and 701.680 of the California Code of Civil Procedure.

Judge Biafore made the following finding in his Order Granting Application for Order for Sale of Dwelling:

On proof made to the satisfaction of the court that the property is not subject to any homestead exemption and that the application ought to be granted,

IT IS ORDERED that the application be and it is hereby granted.

Hsia filed a Petition in Bankruptcy on May 18, 1994. On August 10, 1994, Hsia filed a Motion to Avoid the Judicial Liens. Hsia now appeals from Judge Morgan's denial of his motion and the denial of his homestead exemption. The motion was denied by order dated September 21, 1994.

## II. ISSUES PRESENTED

A. When is a debtor's right to an automatic homestead determined?

B. Is debtor entitled to an automatic homestead exemption?

C. Did Judge Morgan properly apply the doctrine of comity?

D. Do the judicial liens in question impair Debtor's claim of exemption?

## III. *ANALYSIS*

A. A Debtor's Right to an Automatic Homestead is Determined as of the Date of the Filing of a Petition in Bankruptcy.

■ It is well established that a court determines a debtor's right to an automatic homestead as of the date of the filing of the petition in bankruptcy. *Owen v. Owen,* 500 U.S. 305, 314 n. 6, 111 S.Ct. 1833, 1838 n. 6, 114 L.Ed.2d 350 (1991).

■ In the case at bar, the Superior Court purported to reach this issue. Judge Biafore made the finding that the subject property was not subject to any homestead exemption. In effect, Judge Biafore concluded that Hsia, a judgment creditor before that court, could not assert the claim of the automatic homestead exemption provided in California Code of Civil Procedure Section 704.730(a)(2).

The parties agree that the exemption under this section is $75,000.00 if debtor is entitled to it.

■ It appears that Judge Biafore may have erroneously determined that Hsia was not entitled to a homestead. There is good reason to believe that Judge Biafore was under the mistaken belief that Hsia's parents had recorded a Declaration of Homestead on the property. There is no evidence before this court that such a Declaration was recorded. Rather, the court believes that Hsia's mother, a co-joint tenant who resides on the property, may have filed an Owner's Exemption with the Tax Assessor. This is an exemption of a different stripe.

Further, if Judge Biafore did entertain this mistaken belief that a Declaration of Homestead was filed, he would be mistaken in his next belief. It appears that Judge Biafore then reasoned that since Hsia's parents recorded a Declaration of Homestead, this would preclude Hsia from claiming the automatic homestead as an exemption. He is mistaken on this point as well.

We start with the premise that Hsia's parents, as co-joint tenants, resided on the subject property within the time period in issue. At the same time, Hsia resided on the same premises, as co-joint tenant, with his wife and child.

■ The California statutes regarding homestead exemptions contemplate that where members of different families hold property in joint ownership (joint tenancy or tenants in common), there can be more than one homestead exemption claimed on the same property. It has been held that each tenant of an undivided interest is entitled to select a homestead on jointly held property. See *Schoenfeld v. Norberg,* 11 Cal.App.3d 755, 90 Cal.Rptr. 47 (1970); *Squibb v. Squibb,* 190 Cal.App.2d 766, 12 Cal.Rptr. 346 (1961).

The court concludes that the finding of Judge Biafore, in the Superior Court proceedings, was in error in finding that Hsia could not assert his automatic homestead exemption.

California law clearly provides that any person who owns less than the fee in a property upon which they reside is entitled to apply his or her exemption to his or her interest at an execution sale of a dwelling. Cal.Civ.Code § 704.820. This is the very fact situation before us.

In any event, this court will follow the rule that the question of exemptions is determined as of the date of the filing of petition in bankruptcy.

B. Debtor/Appellant is Entitled to the Automatic Homestead Exemption.

■ California law is unequivocal on the point that an owner of real property of an interest less than the fee is entitled to assert his or her automatic homestead exemption in an execution of the property upon which he or she reside.

■ In the case at bar, debtor/appellant qualifies for an automatic exemption under the provisions of Cal.Code Civil Proc. § 704.730(a)(2). This exemption amounts to $75,000.00. The question of whether this

exemption was impaired will be examined below.

## C. Judge Morgan Improperly Applied the Doctrine of Comity.

■ The question of whether Hsia is entitled to the automatic homestead exemption is a question of law which the court reviews de novo. *In re Tompkins*, 95 B.R. 722, 723 (9th Cir. BAP 1989). In this review, the court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. B.R. 8013.

■ Bankruptcy Judge Marilyn Morgan presided over the Claims of Exemption Hearing pursuant to 11 U.S.C. §§ 522(f), (b)(2)(A). Judge Morgan, while ruling on the question of whether she should follow and accept the finding of Superior Court Judge Biafore, ruled that:

> Secondly, neither of you argued the question of comity with the state court and the finality of the state court judgment. But I think that that has to be a primary concern of this court. See Appendix to Appellant Jim H. Hsia's Opening Brief (Transcript of Proceedings, page 000070.)

The court then goes on to explain its decision, and it is clear that Judge Morgan decided that Hsia did not have an automatic homestead exemption. This is so because she has concluded as follows:

> So it seems to me, Mr. Rosenberg, what you really want to do is attack the state court judgment that said that you're not entitled to the automatic homestead and that's the problem that we have here today. So I hope that you find a way to go back to state court and see if it can be revisited there.

This statement by Judge Morgan makes it clear that she is following the holding of Judge Biafore that Hsia is not entitled to the automatic homestead exemption. Her reasoning is flawed.

The law is clear that the question of exemption must be determined as of the date of the filing of the petition in bankruptcy. This being the rule, Judge Morgan could not apply the rule of comity. She had to make an independent determination as to the exemption in the Section 522(f) proceeding.

The court concludes that Judge Morgan improperly applied the doctrine of comity. We have rejected the rule of comity as applied here. Her findings are clearly erroneous.

■ Having concluded that the issue of exemption must be determined as of the time of the filing of the petition in bankruptcy, we look to other authority for guidance.

In researching applicable California law, we find Cal.Code Civ.Proc. § 703.140. This section is instructive, compelling and controlling. It puts the final patina on this case. Section 703.140 reads, in part, as follows:

> (a) ... *In a case* under Title 11 of the United States code, *all of* the exemptions provided by this chapter *including the homestead exemption*, other than the provisions of subdivision (b) ... *are* applicable *regardless of whether there is a money judgment against the debtor or whether a money judgment is being enforced by execution sale or any other procedure* ... *(Emphasis in original.)*

This is a case under Title 11. Debtor claims a homestead exemption. The claims attempted to be avoided are a money judgment against the debtor. Those money judgments are being enforced by execution sale.

This court concludes that Hsia's automatic homestead is applicable as a valid exemption.

We must now examine if the debtor's homestead will be diminished in value by the two creditors' judicial liens. If we find that it is impaired, we must then hold that the judicial liens are avoided pursuant to Section 522(f).

## 4. The Judicial Liens Impair Debtor's Claim of Exemption.

■ In order to determine whether debtor's claim of automatic homestead in the sum of $75,000.00 is impaired, we are required to enter into a computation exercise. The evidence is undisputed as to the following facts:

(a) The subject property has a current fair market value of $630,000.00.

(b) The existing First Deed of Trust is presently at a balance of $330,000.00.

(c) There is a total equity in the premises of $300,000.00.

(d) Debtor's aliquot share in the property is 20%.

(e) Debtor's interest in the equity is $60,000.00.

(f) The judicial liens total the approximate sum of $95,300.00.

If we were to apply the judgment liens against debtor's equity, we would end up with a debtor's equity after liens in the amount of –0–.

The judicial liens exceed the $60,000.00 equity of debtor. Clearly, the equity of debtor is less than his homestead exemption. The court concludes that the judicial liens would impair and totally diminish the equity of debtor.

Accordingly, the judicial liens are avoided. Debtor/appellant's claim of automatic homestead exemption is hereby granted in the sum of $75,000.00.

The order of the Bankruptcy Court from which this appeal is taken is hereby reversed. The Bankruptcy Court is ordered to enter an order granting debtor's Section 522(f) claim for an automatic homestead exemption.

IT IS SO ORDERED.