Filed 10/5/21  Morehead v. Granados CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ROGER KENT MOREHEAD, as Successor Trustee, etc., Plaintiff and Respondent, v. BERNADETTE GRANADOS, Defendant and Appellant; ROBERT C. WARREN III, Real Party in Interest and Respondent. | G057825 (Super. Ct. No. 30-2017-00915907) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.  Respondents' motion to dismiss appeal.  Denied.  Appellant's request for judicial notice.  Denied.  Respondent Morehead's requests for judicial notice.  Denied.

Bernadette Granados, in pro per.

Cozen O'Connor, Erick L. Jackson, Matthew E. Lewitz; Axelrod & Associates and Jennifer Axelrod, for Defendant and Respondent Roger Kent Morehead, as successor trustee to Douglas C. Morehead.[1]

Grant, Genovese & Barrata and Marcus G. Larson, for Respondent and Court Appointed Receiver Robert C. Warren III.

\*          \*          \*

Appellant Bernadette Granados appeals from the trial court order approving the Final Report and Final Accounting of Court Appointed Receiver Robert C. Warren III. She requests that we vacate the order, and award damages against respondents Warren and Douglas C. Morehead in the amount of $4 million. She challenges the appointment of the receiver, and contends the receiver acted in excess of his authority when hiring legal counsel. She further contends the homestead exemption applies in the instant case, and that she prevailed on her claims against Morehead. As discussed further below, Granados has failed to demonstrate error. Accordingly, we affirm.[2]

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *Underlying Complaints*

On April 20, 2017, Morehead filed a verified complaint against Granados. The complaint alleged that Morehead and Granados were in a romantic relationship, to be married in August 2016. In June 2016, Morehead purchased a property for the couple,

---

[1] Douglas Morehead died on November 10, 2020, while this appeal was pending. His successor trustee Roger Kent Morehead moved to substitute in as the party on this appeal, which we granted. Because the underlying proceedings involved Douglas Morehead, however, we will continue to refer to Douglas Morehead in our opinion.

[2] We deny respondents' motion to dismiss the appeal based on appellant's alleged flagrant and ongoing disobedience of trial court orders. The alleged misconduct is irrelevant to many of Granados's claims on appeal, including her challenges to the appointment of a receiver and the receiver's retention of legal counsel.

located in Irvine, California, with his separate funds. Morehead took title to the property and obtained a first mortgage in his name alone. After escrow closed, on June 14, 2016, Morehead and Granados recorded a new grant deed, placing title in the Irvine property in their names as joint tenants. Granados then moved into the property and began living there.

The complaint further alleged the parties' relationship deteriorated and in July 2016, the wedding was cancelled. Granados then began confronting Morehead about the Irvine property. She pressured him into amending his living trust to provide that she would acquire sole title and interest in the Irvine property in the event of his death.[3]

In December 2016, Granados demanded Morehead prepare a "Trust Transfer Deed" awarding her sole title to the Irvine property. She represented she would record it only in the event of his incapacity or death. However, in March 2017, Morehead discovered that Granados had recorded the deed on February 27, 2017. Granados did not respond to his demand to be placed back on title.

The complaint asserted causes of action for fraud, cancellation of the Trust Transfer Deed, quiet title and declaratory relief. Those causes of action sought to have Morehead placed back on title. The complaint also sought, as alternative relief, partition of the Irvine property pursuant to Civil Code section 872.210, subdivision (a).

Granados, who was represented by counsel in the trial court, filed an answer generally denying the allegations in the complaint, except those allegations relating to Morehead's purchase of the Irvine property. She also filed a cross-complaint, alleging the parties entered into an oral agreement in which Morehead agreed to purchase and pay for a residence and Granados agreed to move in and live with Morehead and continue their relationship. She further alleged that the property was in default and in the

_____

[3] We deny Morehead's request for judicial notice of court filings because those documents are not germane to the issues in this appeal.

3

process of being foreclosed. She asserted claims for breach of contract, fraud and declaratory relief based on Morehead's failure to continue paying the loan and housing expenses.

Morehead generally denied the allegations of the cross-complaint. He also asserted numerous defenses, including the statute of frauds, Civil Code section 1624.

B. *Appointment of Receiver to Sell Property*

On January 11, 2018, Morehead filed an ex parte application seeking a preliminary injunction against Granados to cooperate in the sale of the property and requesting appointment of a receiver for the Irvine property. Morehead asserted he would suffer irreparable harm without these orders because a trustee sale of the property had been scheduled for January 30, 2018, and Granados was not cooperating in the sale.

On January 12, 2018, the trial court continued the hearing on the application to January 19, 2018, and it ordered the property immediately be listed for sale and that Granados cooperate with the sale. Because Granados unilaterally had hired a realtor to sell the property, the court ordered that if Morehead objected to the realtor, the parties were to select an agreeable broker or agent and list the property by January 15, 2018. Disputes regarding the listing and sale were permitted to be brought ex parte.

Granados opposed Morehead's ex parte application; she did not object to the January 12, 2018 order becoming a preliminary injunction, but disputed Morehead's request she vacate the property.

On January 24, 2018, the trial court granted the request for a preliminary injunction against Granados, finding Morehead had shown a likelihood of prevailing on the merits and a risk of irreparable harm. The court found that the foreclosure sale could be forestalled only if the property were vacant and actively marketed, and accordingly ordered that "[u]nless [Granados] vacates the property by Saturday, 1/27/18, the Court will appoint a receiver to manage and effect the sale of the property; A private sale is authorized; Receiver's fees to be paid out of the proceeds of the sale; Proceeds of sale to

4

be held pending Court resolution of the allocation of the funds. [¶] [Morehead] to post a bond of $25,000 for the Preliminary Injunction and an Applicant's bond of $25,000 for the appointment of a receiver. Receiver to post a bond in the amount of $5,000."

On February 1, 2018, after Granados had failed to vacate the property, Morehead filed an ex parte application seeking appointment of a receiver.[4] In the application, Morehead stated he provided Granados with the name of two separate receivers, Ryan Baker and Robert Warren, but Granados rejected them both and further warned she would not agree to any receiver listed on LAreceiver.org due to Morehead's membership in the organization 25 years ago. Following a hearing on the ex parte application, on February 20, 2018, the court appointed Warren as receiver for the Irvine property. The court also ordered that "[u]pon written approval of the Plaintiff, and without the need for further Court order, the Receiver may hire independent legal counsel if needed by the Receiver and pay counsel for their services at such rates as the Receiver deems appropriate for the services provided, however, that such legal fees are subject to Court approval."[5]

C. *Trial on the Complaints*

The court tried the matter in August 2018. After hearing testimony and reviewing documentary evidence, the trial court found that Morehead was willing to leave the Irvine property in joint tenancy, but was not willing to give the entire property to Granados as her sole property unless and until Morehead died or became disabled. "The transfer of the property to [Granados] was not an agreed result." "The property, however, cannot now be returned to its former title. Therefore the Court finds that the intent of the parties shall determine the case with each party entitled to half the value of

---

[4] Morehead procured an investor to hold the mortgage note to avoid foreclosure.

[5] Granados contends Morehead unilaterally added these additional orders to the appointment order, but does not argue that the trial court did not approve of the additional orders.

5

the property.  The property has been sold and escrow is to close momentarily.  The parties are each entitled to one half of the net proceeds of the sale.”

D. *Receiver's Final Report and Accounting*

On January 30, 2019, the receiver Warren filed a motion for an order: (1) approving his final report and accounting; (2) approving a settlement between the receiver and the buyer of the Irvine property; (3) confirming the receiver's actions and discharging him; (4) dissolving the preliminary injunction; (5) exonerating the receiver's bond and the plaintiff's bond; and (6) approving disbursement of any funds remaining from the sale.  In the final report and accounting, Warren stated that the net proceeds from the sale were $262,637.  He sought $20,707 in unpaid receiver fees; $2,200 for landscaping work to prepare the house for sale; legal fees of $190,297 payable to Grant, Genovese & Barrata, LLP (GGB); and $14,000 for a settlement with the purchasers of the property for water damage that allegedly occurred either from an undisclosed defect or while Granados was vacating the premises.

The motion and supporting declarations explained that a substantial amount of the fees were incurred as a result of Granados's conduct.  "Perhaps the most destructive and instructive single" event was "[w]hen the Receiver sold the Receivership Property the first time in May of 2018 . . . , [Granados] refused to vacate during the Buyer's physical inspection; she proceeded to both make a scene and accost the Buyer at the inspection, and by her behavior **caused the Buyer to cancel the sale**."  The receiver and realtor had to start over and sell the property again, which ultimately added about seven months and significant expense to the receivership.

As to the settlement, the motion explained the buyer had demanded $40,000 for water damage to the property, and Granados had obstructed the home's insurer from communicating with the receiver about the water damage claim.  Warren also explained that Granados's conduct forced him to bring five ex parte motions and oppose one brought by Granados to accomplish the court-ordered task of selling the

6

property. The court granted four and denied one without prejudice, and it denied Granados's ex parte motion. Additionally, legal work was required to respond and react to Granados's vigorous legal opposition to nearly every one of the receiver's actions.

On March 14, 2019, Morehead filed an opposition to portions of the receiver's final report and accounting. Although he stipulated to payment of the receiver's fees, gardener fees and settlement, he requested that Granados be ordered to pay these sums from her share of the net proceeds. Morehead objected to the legal fees on the ground the "amount is excessive and retention of legal counsel has not been previously approved or the associated costs formally disclosed to the parties, until this motion."

Granados also filed an opposition, in which she joined in Morehead's objection to the receiver's request for legal fees. Granados separately argued Morehead should pay for any fees incurred by the receiver because he sought a receivership "predicated on a maliciously prosecuted allegation that he was the sole owner of the Property." She argued the claimed legal fees were excessive in light of the limited net equity. Additionally, she objected to the fees being awarded because receiver's counsel previously had represented Morehead and his partnerships, although she provided no evidence showing any prior representation. Finally, she argued that the proposed settlement was baseless because the buyer "concocted a false claim," and the receiver's fees were excessive because he needed to speak with counsel only four hours on each ex parte motion. Granados's sole support for her factual dispute of the water damage and fee amount was her own declaration, in which she made conclusory statements about the buyer's intent when making the water damage claim and the proper amount of legal fees.

Warren filed a combined reply to the oppositions to the motion seeking approval of his final report and accounting. The receiver argued he had obtained approval from Morehead to retain GGB to perform legal work for the receivership, that the legal fees were properly documented, and that neither Morehead nor Granados made

7

specific objections to any billing entry.  Finally, he asserted that Granados's blanket objection to his compensation was without foundation, expert testimony or authority, and her claim that the buyer concocted a false water damage claim lacked evidentiary support because there was water damage.

In a supporting declaration, Marcus Larson of GGB stated his firm had not represented Morehead or Granados as individuals.  "GGB has and does on occasion represent several other persons and entities in the real estate investment arena that do business with Plaintiff, but we have not represented Plaintiff himself."

Subsequently, Granados filed a request for judicial notice (RJN) of several Nevada and California incorporation documents, and a closing statement for a sale of real property, and a special warranty deed recorded in Texas.  The latter documents showed one of Morehead's companies and GGB were involved in the transactions.  The trial court denied the RJN, concluding the request was untimely.

Morehead filed a motion for sanctions against Granados based on her alleged noncooperation in the sale of the property, seeking to impose the receiver's fees and costs on Granados.  In response, among other arguments, Granados raised the issue of the homestead exemption.  In reply, Morehead argued Granados did not meet the requirement for a full homestead exemption because she did not own the property for at least 1,215 days, and the homestead declaration was based on the legally invalid claim she was the sole owner of the property.

On March 29, 2019, the trial court ruled on the receiver's motion for approval of the final report and accounting, and on Morehead's motion for sanctions. The court granted the receiver's motion, finding Warren had informed Morehead that counsel would be retained and Morehead had acquiesced.  The court pointed out that, during litigation, the parties made no effort to remove either the receiver or counsel, and that, while both parties objected to the amount of legal fees as excessive, "neither points to any particular billings as excessive, duplicative or for unnecessary work."  The court

found the rates charged were reasonable, and the detailed billing records "justif[ied] the time expended on this difficult and contentious litigation." "In short, the Receiver has made a showing substantiating and justifying his performance during the receivership, and the fees and costs incurred, and the oppositions do not undercut this showing."

The trial court also found that much of the receiver's fees and costs could be attributed to Granados's conduct, which both necessitated the appointment of counsel and caused the receiver to incur greater fees and costs. Because a court could assess the costs of the receiver (including his attorneys' fees) against the defendant if the plaintiff properly obtained the appointment of a receiver and established its interest in the property, it assessed $17,716 of the receiver's costs and fees against Granados, ordering the entire net proceeds after receiver's fees and costs were paid ($35,432) disbursed to Morehead.[6]

The trial court denied Morehead's motion for sanctions. While it found Granados's conduct to be "both objectively and subjectively in bad faith, for the most part the 'expenses, including attorney fees' caused by Defendant's conduct is reflected in the Receiver's costs and fees. . . . Accordingly, the court has addressed the results of that conduct in its allocation of the Receiver's fees and costs."

II

DISCUSSION

Granados challenges the court's order on numerous grounds, which can generally be grouped into three categories. First, she challenges the appointment of the receiver. Second, she challenges the receiver's retention of GGB to perform legal work and the fees incurred. Third, she challenges the court's allocation of the net proceeds.

---

[6] In this court, Granados filed a request for judicial notice and notice of lodging of a USB flash drive, but failed to demonstrate the relevance of the documents to the appeal. We deny the request for judicial notice.

9

A. *Standard of Review*

Notwithstanding the specific contentions listed above, Granados's appeal manifests her frustration with the judicial system. She blames the receiver, Morehead and the court for depriving her of what she believes is her wholly owned home, and appears to believe this court can reverse or modify the multiple rulings she claims were made in error. To correct this misimpression, we explain our limited role as an appellate court. "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.] This rule reflects an 'essential distinction between the trial and the appellate court . . . that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law.'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Our jurisdiction is limited in scope by the timely filing of a notice of appeal identifying the judgment or order from which the appeal is taken. (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113; *Conservatorship of Edde* (2009) 173 Cal.App.4th 883, 889-890.) We are required to presume the trial court's judgment or order is correct and must draw all inferences in favor of the trial court's decision. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "Thus, even if there is no indication of the trial court's rationale for [its ruling], the court's decision will be upheld on appeal if reasonable justification for it can be found. 'We uphold judgments if they are correct for any reason, "regardless of the correctness of the grounds upon which the court reached its conclusion."'" (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.)

"'[E]rror must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Further, we will not presume prejudice from an error. It is an appellant's burden to persuade us that the court erred in ways that result in a miscarriage of justice. (Cal. Const., art. VI, § 13; *In re Marriage of*

10

*Dellaria & Blickman–Dellaria* (2009) 172 Cal.App.4th 196, 204-205.) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)

Our review is governed by the appellate record; with rare exception, we are not permitted to consider new evidence and will not consider facts or contentions not supported by citations to the record. (See *In re Zeth S.*, *supra*, 31 Cal.4th at p. 405; *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207; Cal. Rules of Court, rule 8.204(a)(1)(C) ["Each brief must . . . . [¶] . . . [¶] . . . [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) Along the same lines, we cannot address issues that were not properly raised and preserved in the trial court. (See *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 684-685; *Royster v. Montanez* (1982) 134 Cal.App.3d 362, 367.) On appeal, as in the superior court, unsworn statements or argument by counsel or a self-represented litigant are not evidence. (See In re *Zeth S.*, at pp. 413-414, fn. 11.)

Finally, while we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are required to apply the foregoing principles and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

11

B. *The Challenge to the Appointment Order is Untimely*

Granados contends the receiver appointment order is void or voidable because:  1)  the appointment order was predicated on the fraud claims, on which she ultimately prevailed at trial; (2) Morehead did not post a $50,000 bond as required under Code of Civil Procedure section 566, subdivision (b); (3) Warren was not a neutral receiver as required under California Rules of Court, rule 3.1179(1), because he and Morehead served together on the Board of Directors for the California Receiver's Forum and Morehead is a founding member of the forum with Warren's father; (4) the trial court lacked authority to appoint the receiver pursuant to the holding in *French Bank Case* (1879) 53 Cal. 495; and (5) the appointment order resulted in a deprivation of her property rights without due process.[7]

A trial court order appointing a receiver is appealable.  (See Code Civ. Proc. § 904.1(a)(7) (["An appeal, other than in a limited civil case, may be taken from any of the following … [f]rom an order appointing a receiver"]).  The trial court appointed the receiver on February 20, 2018, but Granados did not challenge the appointment to this court until this appeal, filed more than 180 days after entry of the appointment order.  Thus, her challenge to the appointment order is untimely.  (See *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1679 [concluding that appellant's

---

[7] Granados also contends the realtor engaged in discriminatory practices against her and her disabled son, but provides no documentary evidence or citation to the record.  She alleges the realtor referred "to a prospective buyer's race as the 'Asian Bus,'" but does not explain why those texts constituted "discriminatory acts of harassment."  Even if there were discriminatory acts, Granados does not explain how she has a remedy against the realtor in this action.

12

"July 8, 1992, notice of appeal is untimely to the extent that it purports to appeal from the December [30, 1991] Receiver Order and that portion of his appeal is dismissed"].)[8]

C. *The Receiver's Retention of Legal Counsel was Proper*

Next, Granados challenges the legal fees incurred by Warren, arguing Warren did not seek court approval and disclose conflicts prior to hiring GGB. Her argument fails because the trial court's additional orders permitted the receiver to hire legal counsel "[u]pon written approval of the Plaintiff, and without the need for further Court order." That occurred here.

As to the conflicts, Granados argues counsel GGB was not independent and had an undisclosed financial affiliation with Morehead. In seeking to show the financial affiliation, Granados relies on documents submitted with a request for judicial notice that the trial court had denied when it approved the receiver's final report and accounting. Granados does not challenge the denial of her request for judicial notice, and thus there is no documentary evidence to substantiate the allegation of a financial relationship between GBB and Morehead. Finally, to the extent any impropriety occurred, the trial court ratified the retention of GGB in its order approving the receiver's final report and accounting. (See *People v. Riverside University* (1973) 35 Cal.App.3d 572, 582 ["an action of a receiver in equity, though taken without prior court authorization, may be ratified by subsequent court approval"].) Accordingly, Granados failed to show the receiver's retention of GGB was improper.

Granados also asserts that Warren failed to provide regular billings and paid the realtor his commission without prior court approval. She neither provides record citations supporting these factual allegations nor explains why she was prejudiced when she could, and in some instances, did challenge the receiver's conduct in her opposition

---

[8] Because we conclude Granados' challenge to the appointment order is untimely, we deny Morehead's request for judicial notice of a surety bond Morehead posted on March 1, 2018, which he contends complied with the court's bond requirement.

13

to the receiver's motion for approval. That motion contained the requisite legal billings and calculated the net proceeds after costs for sale was paid.

D. *The Trial Court Properly Allocated the Net Proceeds*

Finally, Granados challenges the allocation of the net proceeds from the sale. She argues she was entitled to a homestead exemption, but never raised the homestead exemption in her opposition to the receiver's final report and accounting. Thus, she forfeited the argument. Even if not forfeited, Granados has not shown the homestead exemption would apply in this case because the receiver's fees and allocation of the net proceeds as part of a partition sale are not subject to the homestead exemption. (See Code Civ. Proc., § 703.010 [homestead exemptions "apply to all procedures for enforcement of a money judgment"]; *Squibb v. Squibb* (1961) 190 Cal.App.2d 766, 770-771 [homestead no defense to partition].)

Granados also argues she was the prevailing party and is entitled to substantial damages. The record does not support her contention she prevailed against Morehead. The trial court found the parties were co-owners of the Irvine property and approved the partition sale of the property. Granados did not receive any net monetary award, and she did not prevail on her cross-claims. (*See Biren v. Equality Emergency Medical Group, Inc.* (2002) 102 Cal.App.4th 125, 139 ["Where each side seeks monetary relief, the side that receives the 'net monetary recovery' is the prevailing party."]; see also *Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 440 [trial court did not abuse its discretion in finding no prevailing party where defendant successfully defeated two contract claims in plaintiff's complaint, but recovered nothing on her cross-complaint].) In short, there is no basis to find Granados was the prevailing party or that she is entitled to damages.

14

### III

#### DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.


ZELON, J.*

WE CONCUR:


FYBEL, ACTING P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.